William L. Redell State Bar #182557
**MICHAEL B. CLAYTON & ASSOCIATES**
400 East Orange Street
Santa Maria, CA 93454
Telephone: (805)928-5353
Fax:(805)928-5221
E-mail: bankruptcy2@wedefend.net

Attorneys for Plaintiffs: William R. Murray and Jerrie R. Murray

UNITED STATES BANKRUPTCY COURT

CENTRAL DISTRICT OF CALIFORNIA, NORTHERN DIVISION

| | |
|---|---|
| IN RE: | **Adv. Proc. No.:** |
| William R. Murray and Jerrie R. Murray, Debtors | **CASE NO.: 9:12-bk-10671-RR** |
| | **CHAPTER 13** |
| William R. Murray and Jerrie R. Murray, Plaintiffs | **COMPLAINT BY DEBTOR TO:** |
| vs. | **1) ESTABLISH VALUE OF DEBTORS' RESIDENCE; 2) DETERMINE AMOUNT AND EXTENT OF SECOND DEED OF TRUST; AND 3) AVOID AND REMOVE LIEN OF SECOND DEED OF TRUST** |
| Specialized Loan Servicing, LLC Defendant. | |

**JURISDICTION / CORE PROCEEDING**

1. This Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. § 157 and 1334, and Standing Order of reference of the Chief Judge of the United States District Court for the Central District of California, dated July 20, 1984. Plaintiffs' are Debtors' in this matter and the complaint asserts causes of action owned by the Plaintiffs'.

2. This proceeding is a core proceeding. To the extent that this adversary proceeding is deemed a non-core proceeding, Plaintiffs and Debtors consent to the entry of a final order and judgment by the Bankruptcy Court.

3. Plaintiffs, WILLIAM R. MURRAY AND JERRIE L. MURRAY, are individuals residing in the Central District of California's Northern Division.

4. Defendant, SPECIALIZED LOAN SERVICING, LLC., is a corporation doing business in the Central District of California's Northern Division.

5. Plaintiffs' filed this Chapter 13 proceeding on February 17, 2017.

6. Elizabeth F. Rojas is the duly appointed and qualified Chapter 13 Trustee in this case.

7. As reflected in the bankruptcy schedules filed herein, Plaintiffs' primary residence is located at 3550 ALISO ROAD, ARROYO GRANDE, CA 93420, (hereafter, referred to as the "Property"). The legal description of the Property is attached hereto, as EXHIBIT "A". Plaintiffs' own a 100% fee title interest in the Property.

**FIRST CLAIM FOR RELIEF**

**TO DETERMINE THE EXTENT, VALIDITY AND PRIORITY OF THE SECOND TRUST DEED HELD BY HOMECOMINGS FINANCIAL, LLC.**

8. Plaintiffs' reassert, re-allege and incorporate herein, by reference, each and every allegation contained in all the proceeding paragraphs as though set forth in full.

9. Plaintiffs' estimated the value of their Property on Schedule A-Real Property at $440,000.00, (a true and correct copy of Schedule A is attached hereto, as EXHIBIT "B"). Plaintiffs' based this estimate of the value of the Property on discussion with real estate professionals and their own knowledge of their own neighborhood and the asking and selling prices of comparable properties. Additionally, on February 23, 2012, Plaintiffs' purchased an appraisal of property from Glenn K. Ball, of ADCOCK & ASSOCIATES, located at 165 West Clark Avenue, Santa Maria, CA 93455 (the "Appraisal", dated February 17, 2012, attached hereto, as EXHIBIT "C", and Declaration of Glenn K. Ball, as EXHIBIT "D").

10. EXHIBIT "E" is a true and correct copy of the Proof of Claim filed by The Bank of New York Mellon Trust Company, National Association, the first deed of trust holder, showing a principal balance of $455,848.64.

11. EXHIBIT "F" is a true and correct copy of the mortgage statement of Specialized Loan Servicing, LLC., the second deed of trust holder, showing a balance of $147,126.61.

12. Section 506 of *Bankruptcy Code,* 11 U.S.C. §506, Determination of Secured Status, states:

> (a) An allowed claim of a creditor secured by a lien on property in which the estate has an interest ... is a secured claim to the extent to the value of such creditor's interest in estate's interest in such property ... and is an unsecured claim to the extent that the value of such creditor's interest ... is less than the amount of such allowed claim. Such value shall be determined in light of the purpose of the valuation and of the proposed disposition or use of such property, and in conjunction with any hearing on such disposition or use or on a plan affecting such creditor's interest.

13. Although Chapter 13 generally permits the modification of the rights of holders of secured claims, an exception is carved out for those claims secured only by a security interest in real property that is the debtor's principal residence. The Ninth Circuit, however, has established an exception to this exception. In the matter of *In re Zimmer*, 313 F.3d 1220 (9th Cir.2002), the Court explained "a claim such as a mortgage is not a 'secured claim' to the extent that exceeds the value of the property that secures it. ... [N]ot every claim that is secured by a lien on property will be considered a 'secured claim'. Here, it is plain that the junior lien holder's claim for the repayment of its loan is an unsecured claim, because its deed of trust is junior to the first deed of trust and the value of the loan secured by the first deed of trust is greater than the value of the house." *Id at 223.* The Court concluded: "In order to give effect to the definitions of secured and unsecured claims under §506(a), we must conclude that the rights of a creditor holding an unsecured claim in the debtor's residence may be modified under §1322(b)(2)." *Id at 1227.*

14. As indicated above, the lien of The Bank of New York Mellon Trust Company, National Association. secured by its first deed of trust on the property had a balance in $455,848.64 which includes arrears. That amount exceeds Plaintiffs' estimate of the fair market value of the Property by $15,848.65 and exceeds the appraised fair market value of the Property as set forth in EXHIBIT "B" by the same amount. Accordingly, the same amount the Second Trust Deed on the Property is wholly unsecured and may, therefore, be avoided and stripped.

WHEREFORE, Plaintiffs' pray that this Court enter judgment in favor of the Plaintiffs' as follows:

a. Establish that on the date of filing the Chapter 13 Petition, the value of the Plaintiffs' real property, the Property, was $440,000.00;

b. A determination that the Defendant, SPECIALIZED LOAN SERVICING, LLC claim, secured by its second deed of trust, is limited solely to an unsecured non-priority claim to the extent that one is asserted at all;

c. That this Court order the Defendant to cancel the second deed of trust on the Property pursuant to Section 506(d) Title 11 of the *United States Code,* immediately upon the entry of the Discharge Order, deliver the same to the attorney for the Debtors' within 21 days from the date of the entry of the said order at no charge or fee for the aforesaid cancellation and delivery;

d. That this Court direct the Trustee that any timely filed proof of claim the Defendant for the second mortgage lien be treated as an unsecured claim under the plan;

e. That the attorney for the Plaintiffs' be awarded reasonable legal fees;

f. That the Plaintiffs' recover their costs and expenses from the Defendant, and;

g. For such other and further relief as the Court may deem appropriate.

DATE: 5/1/12

MICHAEL B. CLAYTON & ASSOCIATES

By: ______________________

WILLIAM L. REDELL
Attorney for the Plaintiffs

# Exhibit A

# EXHIBIT "A"

THE LAND REFERRED TO HEREIN BELOW IS SITUATED IN THE COUNTY OF SAN LUIS OBISPO, State of CALIFORNIA AND IS DESCRIBED AS FOLLOWS:

PARCEL D OF PARCEL MAP NO. CO-1-50, N THE COUNTY OF SAN LUIS OBISPO, STATE OF CALIFORNIA, ACCORDING TO MAP RECORDED JUNE 4, 1971 IN BOOK 6, PAGE 20 OF PARCEL MAPS, IN THE COUNTY RECORDER OF SAID COUTNY.

Parcel ID # 047-261-024

# Exhibit B

FORM B6A (Official Form 6A) (12/07)

In re *William R. Murray and Jerrie L. Murray*, Debtor(s)

Case No. *9:12-bk-10671-RR* (if known)

# SCHEDULE A-REAL PROPERTY

Except as directed below, list all real property in which the debtor has any legal, equitable, or future interest, including all property owned as a cotenant community property, or in which the debtor has a life estate. Include any property in which the debtor holds rights and powers exercisable for the debtor's own benefit. If the debtor is married, state whether the husband, wife, both, or the marital community own the property by placing an "H," "W," "J," or "C" in the column labeled "Husband, Wife, Joint, or Community." If the debtor holds no interest in real property, write "None" under "Description and Location of Property."

**Do not include interests in executory contracts and unexpired leases on this schedule. List them in Schedule G-Executory Contracts and Unexpired Leases.**

If an entity claims to have a lien or hold a secured interest in any property, state the amount of the secured claim. See Schedule D. If no entity claims to hold a secured interest in the property, write "None" in the column labeled "Amount of Secured Claim."

If the debtor is an individual or if a joint petition is filed, state the amount of any exemption claimed in the property only in Schedule C - Property Claimed as Exempt.

| Description and Location of Property | Nature of Debtor's Interest in Property | Husband--H Wife--W Joint--J Community--C | Current Value of Debtor's Interest, in Property Without Deducting any Secured Claim or Exemption | Amount of Secured Claim |
|---|---|---|---|---|
| *Residence located at 3550 Alisos Rd., Arroyo Grande, CA 93420* | *Fee Simple* | *C* | *$440,000.00* | *$440,000.00* |
| | | **TOTAL $** | *440,000.00* | |

No continuation sheets attached

(Report also on Summary of Schedules.)

# Exhibit C

File No. 0341-A12

********* INVOICE *********

File Number: 0341-A12 02/29/2012

LAW OFFICE OF MICHAEL B CLAYTON & A
400 EAST ORANGE ST
SANTA MARIA 93454

Borrower : WILLIAM & JERRIE MURRAY

Invoice # : 0341-A12
Order Date : 02/23/2012
Reference/Case # :
PO Number :

3550 ALISOS RD
ARROYO GRANDE, CA 93420

| | |
|---|---|
| | $ 600.00 |
| | $ |
| Invoice Total | $ 600.00 |
| State Sales Tax @ 0% | $ 0.00 |
| Deposit | ($ 375.00 ) |
| Deposit | ($ ) |
| Amount Due | $ 225.00 |

Terms: BALANCE DUE UPON RECEIPT OF APPRAISAL

Please Make Check Payable To:

ADCOCK & ASSOCIATES
165 WEST CLARK AVE
SANTA MARIA, CA 93455

Fed. I.D. #: 77-0493745

File No. 0341-A12

APPRAISAL OF



LOCATED AT:

3550 ALISOS RD
ARROYO GRANDE, CA 93420

FOR:

LAW OFFICE OF MICHAEL B CLAYTON & A
400 EAST ORANGE ST
SANTA MARIA, CA  93454

BORROWER:

WILLIAM & JERRIE MURRAY

AS OF:

February 17, 2012

BY:

GLENN K. BALL

File No. 0341-A12

LAW OFFICE OF MICHAEL B CLAYTON & A
400 EAST ORANGE ST
SANTA MARIA, CA 93454

File Number: 0341-A12

In accordance with your request, I have appraised the real property at:

3550 ALISOS RD
ARROYO GRANDE, CA 93420

The purpose of this appraisal is to develop an opinion of the market value of the subject property, as improved. The property rights appraised are the fee simple interest in the site and improvements.

In my opinion, the market value of the property as of February 17, 2012 is:

$440,000
Four Hundred Forty Thousand Dollars

The attached report contains the description, analysis and supportive data for the conclusions, final opinion of value, descriptive photographs, limiting conditions and appropriate certifications.

Glenn K. Ball

GLENN K. BALL

ADCOCK & ASSOCIATES

Property Description

# UNIFORM RESIDENTIAL APPRAISAL REPORT

File No. 0341-A12

**SUBJECT**

Property Address 3550 ALISOS RD City ARROYO GRANDE State CA Zip Code 93420
Legal Description BRANCH TR PTN LT 18 County SAN LUIS OBISPO
Assessor's Parcel No. 047-261-024 Tax Year 2012 R.E. Taxes $ 4,834.00 Special Assessments $ 0.00
Borrower WILLIAM & JERRIE MURRAY Current Owner MURRY WILLLIAMS & JENNIE T Occupant: [X] Owner [ ] Tenant [ ] Vacant
Property rights appraised [X] Fee Simple [ ] Leasehold Project Type [ ] PUD [ ] Condominium (HUD/VA only) HOA$ N/A /Mo.
Neighborhood or Project Name ARROYO GRANDE Map Reference 715H2 Census Tract 0123.02
Sale Price $ N/A Date of Sale N/A Description and $ amount of loan charges/concessions to be paid by seller N/A
Lender/Client LAW OFFICE OF MICHAEL B CLAYTON Address 400 EAST ORANGE ST, SANTA MARIA, CA 93454
Appraiser GLENN K. BALL Address 165 W. CLARK AVE., SANTA MARIA, CA 93455

**NEIGHBORHOOD**

| | | | | Predominant occupancy | Single family housing PRICE $(000) | AGE (yrs) | Present land use % | | Land use change |
|---|---|---|---|---|---|---|---|---|---|
| Location | [ ] Urban | [X] Suburban | [ ] Rural | | | | | | |
| Built up | [X] Over 75% | [ ] 25-75% | [ ] Under 25% | | | | One family | 85% | [X] Not likely [ ] Likely |
| Growth rate | [ ] Rapid | [X] Stable | [ ] Slow | [X] Owner | 350 Low | 0 | 2-4 family | 5% | [ ] In process |
| Property values | [ ] Increasing | [X] Stable | [ ] Declining | [ ] Tenant | 750 High | 100 | Multi-family | 5% | To: |
| Demand/supply | [ ] Shortage | [X] In balance | [ ] Over supply | [X] Vacant (0-5%) | Predominant | | Commercial | 5% | |
| Marketing time | [ ] Under 3 mos. | [X] 3-6 mos. | [ ] Over 6 mos. | [ ] Vacant (over 5%) | 475 | 35 | ( ) | | |

**Note: Race and the racial composition of the neighborhood are not appraisal factors.**

Neighborhood boundaries and characteristics: TANK FARM RD TO THE NORTH, SAN LUIS OBISPO COUNTY LINE TO THE SOUTH, LOS PADRES NATIONAL FOREST TO THE EAST, HWY 1 ON THE WEST.

Factors that affect the marketability of the properties in the neighborhood (proximity to employment and amenities, employment stability, appeal to market, etc.): SEE ADDENDUM..........
THIS REPORT IS INTENDED FOR PRIVATE USE ONLY ONLY. THIS REPORT IS NOT INTENDED FOR ANY OTHER USE.

Market conditions in the subject neighborhood (including support for the above conclusions related to the trend of property values, demand/supply, and marketing time - - such as data on competitive properties for sale in the neighborhood, description of the prevalence of sales and financing concessions, etc.):
THE EXPOSURE TIME APPEARS TO BE 3-6 MONTHS ACCORDING TO THE MLS. INTEREST BUYDOWNS AND CONCESSIONS APPEAR TO BE MINIMAL. PRICES APPEAR TO BE STABILIZING AFTER PEAKING IN LATE 2005 AND EARLY 2006.

**PUD**

Project Information for PUDs (If applicable) - - Is the developer/builder in control of the Home Owners' Association (HOA)? [ ] YES [ ] NO
Approximate total number of units in the subject project ______. Approximate total number of units for sale in the subject project N/A
Describe common elements and recreational facilities:

**SITE**

Dimensions IRREGULAR | Topography SLIGHT SLOPE
Site area 5 ACRES Corner Lot [ ] Yes [X] No | Size TYPICAL
Specific zoning classification and description RR - RESIDENTIAL RURAL | Shape IRREGULAR
Zoning compliance [X] Legal [ ] Legal nonconforming (Grandfathered use) [ ] Illegal [ ] No zoning | Drainage APPEARS ADEQUATE
Highest & best use as improved: [X] Present use [ ] Other use (explain) | View SETTING

| Utilities | Public | Other | Off-site Improvements | Type | Public | Private |
|---|---|---|---|---|---|---|
| Electricity | [X] | | Street | ASPHALT | [X] | [ ] |
| Gas | [ ] | PROPANE/TYP | Curb/gutter | NONE | [ ] | [ ] |
| Water | [ ] | WELL/TYP | Sidewalk | NONE | [ ] | [ ] |
| Sanitary sewer | [ ] | SEPTIC/TYP | Street lights | NONE | [ ] | [ ] |
| Storm sewer | [ ] | NONE | Alley | NO | [ ] | [ ] |

Landscaping AVERAGE
Driveway Surface GRAVEL
Apparent easements UTILITIES
FEMA Special Flood Hazard Area [ ] Yes [X] No
FEMA Zone C Map Date 06/03/91
FEMA Map No. 060304 0733D

Comments (apparent adverse easements, encroachments, special assessments, slide areas, illegal or legal nonconforming zoning, use, etc.): NO ADVERSE ELEMENTS OR ENCROACHMENTS NOTED.

**DESCRIPTION OF IMPROVEMENTS**

| GENERAL DESCRIPTION | | EXTERIOR DESCRIPTION | | FOUNDATION | | BASEMENT | | INSULATION | |
|---|---|---|---|---|---|---|---|---|---|
| No. of Units | 1/GST HS | Foundation | CONCRETE | Slab | YES | Area Sq.Ft. | 0 | Roof | [ ] |
| No. of Stories | ONE | Exterior Walls | WOOD | Crawl Space | NO | % Finished | | Ceiling | [ ] |
| Type (Det./Att.) | DET | Roof Surface | TILE | Basement | NONE | Ceiling | | Walls | [ ] |
| Design (Style) | RANCH | Gutters & Dwnspts. | COMPLETE | Sump Pump | NONE | Walls | | Floor | [ ] |
| Existing/Proposed | EXIST | Window Type | ALUM SLDR | Dampness | CEILING | Floor | | None | [ ] |
| Age (Yrs.) | 1974 | Storm/Screens | NO/ YES | Settlement | NONE NOTED | Outside Entry | | Unknown | [X] |
| Effective Age (Yrs.) | 25 | Manufactured House | NO | Infestation | NONE NOTED | | | | |

| ROOMS | Foyer | Living | Dining | Kitchen | Den | Family Rm. | Rec. Rm. | Bedrooms | # Baths | Laundry | Other | Area Sq.Ft. |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| Basement | | | | | | | | | | | | 0 |
| Level 1 | | 1 | 1 | 1 | | 1 | | 4 | 3 | 1 | | 2,623 |
| Level 2 | | | | | | | | | | | | 0 |
| | | | | | | | | | | | | 0 |

Finished area above grade contains: 8 Rooms; 4 Bedroom(s); 3 Bath(s); 2,623 Square Feet of Gross Living Area

| INTERIOR | Materials/Condition | HEATING | | KITCHEN EQUIP. | | ATTIC | | AMENITIES | | CAR STORAGE: | |
|---|---|---|---|---|---|---|---|---|---|---|---|
| Floors | CPT/TL/AVG | Type | RAD | Refrigerator | [ ] | None | [ ] | Fireplace(s) # ONE | [X] | None | [ ] |
| Walls | DRYWLL/AVG | Fuel | ELECT | Range/Oven | [X] | Stairs | [ ] | Patio CONCRETE | [X] | Garage 4 | # of cars |
| Trim/Finish | WOOD/AVG | Condition | AVG | Disposal | [X] | Drop Stair | [ ] | Deck | [ ] | Attached | 4 |
| Bath Floor | TILE/AVG | COOLING | | Dishwasher | [X] | Scuttle | [X] | Porch CON/COV | [X] | Detached | -- |
| Bath Wainscot | TILE/AVG | Central | NO | Fan/Hood | [ ] | Floor | [ ] | Fence WOOD | [X] | Built-In | -- |
| Doors | WOOD/AVG | Other | NONE | Microwave | [ ] | Heated | [ ] | Pool | [ ] | Carport | -- |
| | | Condition | TYPICAL | Washer/Dryer | [ ] | Finished | [ ] | GST HOUSE | [X] | Driveway | YES |

Additional features (special energy efficient items, etc.): SEE ADDENDUM.

**COMMENTS**

Condition of the improvements, depreciation (physical, functional, and external), repairs needed, quality of construction remodeling/additions, etc.: THERE ARE NO APPARENT FUNCTIONAL, PHYSICAL OR EXTERNAL INADEQUECIES NOTED. SEE NOTE REGARDING REPAIRS NEEDED

Adverse environmental conditions (such as, but not limited to, hazardous wastes, toxic substances, etc.) present in the improvements, on the site, or in the immediate vicinity of the subject property: THERE ARE NO KNOWN OR APPARENT ENVIRONMENTAL CONDITIONS THAT WOULD NEGATIVELY IMPACT THE VALUE OF THE PROPERTY.

ADCOCK & ASSOCIATES

Valuation Section

UNIFORM RESIDENTIAL APPRAISAL REPORT

File No. 0341-A12

**COST APPROACH**

| | | |
|---|---|---|
| ESTIMATED SITE VALUE | = $ | 150,000 |
| ESTIMATED REPRODUCTION COST-NEW OF IMPROVEMENTS: | | |
| Dwelling 2,623 Sq. Ft. @ $ 125.00 | = $ | 327,875 |
| Bsmt. 0 Sq. Ft. @ $ | = | 0 |
| GST HSE/BNS RM | = | 125,000 |
| Garage/Carport 840 Sq. Ft. @ $ 35.00 | = | 29,400 |
| Total Estimated Cost New | = $ | 482,275 |
| Less Physical $150,000 / Functional $75,000 / External $0 — Depreciation | = $ | 225,000 |
| Est. Remaining Econ. Life: 40 | | |
| Depreciated Value of Improvements | = $ | 257,275 |
| "As-is" Value of Site Improvements | = $ | 40,000 |
| INDICATED VALUE BY COST APPROACH | = $ | 447,300 |

Comments on Cost Approach (such as, source of cost estimate, site value, square foot calculation and for HUD, VA and FmHA, the estimated remaining economic life of the property): SEE ATTACHED SKETCH FOR CALC. COST DERIVED FROM MARSHALL/SWIFT COST HANDBOOK SUPPLEMENTED WITH LOCAL KNOWLEDGE OF BUILDING COST. SITE VALUE DERIVED BY EXTRACTION DUE TO LACK OF ANY RECENT LOT SALES IN SUBJECT'S AREA SITE TO IMPROVEMENT VALUE IS TYPICAL FOR THIS AREA. THERE WAS NO EXT OBSOL NOTED. FUNCT OBSOL NOTED FOR CONST COST OF GST HSE/BONUS RM VS. MARKET VALUE

**SALES COMPARISON ANALYSIS**

| ITEM | SUBJECT | COMPARABLE NO. 1 | | COMPARABLE NO. 2 | | COMPARABLE NO. 3 | |
|---|---|---|---|---|---|---|---|
| Address | 3550 ALISOS RD ARROYO GRANDE | 2081 LAGUNA NEGRA APN 091-391-024, CA 93420 | | 2360 AUTUMN PL APN 091-402-022, CA 93420 | | 269 STANTON ST APN 091-011-029, CA 93420 | |
| Proximity to Subject | | 6.84 miles SSW | | 7.30 miles SW | | 4.77 miles SSW | |
| Sales Price | $ N/A | | $ 475,000 | | $ 465,000 | | $ 490,000 |
| Price/Gross Liv. Area | $ 0.00 | $ 195.07 | | $ 189.02 | | $ 316.95 | |
| Data and/or Verification Sources | INSPECTION | MLS/REALIST/DOM 24 SLOCA/DOC #46059 | | MLS/REALIST/DOM 100 SLOCA/DOC #99 | | MLS/REALIST/DOM 36 SLOCA/DOC #62123 | |
| VALUE ADJUSTMENTS | DESCRIPTION | DESCRIPTION | +(-)$ Adjustment | DESCRIPTION | +(-)$ Adjustment | DESCRIPTION | +(-)$ Adjustment |
| Sales or Financing Concessions | N/A | PAID CASH NONE | | CONV NONE | | CONV NONE | |
| Date of Sale/Time | N/A | 09/22/2011 | | 01/03/2012 | | 12/08/2011 | |
| Location | AVERAGE | AVERAGE | | AVERAGE | | AVERAGE | |
| Leasehold/Fee Simple | FEE SIMPLE | FEE SIMPLE | | FEE SIMPLE | | FEE SIMPLE | |
| Site | 5 ACRES | 2.44+- AC | +26,000 | 2.28 ac | +27,000 | 4.99 AC | |
| View | SETTING | SETTING | | SETTING | | PANRMIC VLLY | -20,000 |
| Design and Appeal | RANCH | RANCH | | RANCH | | RANCH | |
| Quality of Construction | AVERAGE | AVERAGE | | AVERAGE | | AVERAGE | |
| Age | 1974 | 1981 | -2,000 | 1985 | -3,000 | 1972 | +1,000 |
| Condition | FAIR | SUPERIOR | -50,000 | SUPERIOR | -50,000 | SUPERIOR | -50,000 |
| Above Grade Room Count (Total / Bdrms / Baths) | 9 / 4 / 3.00 | 6 / 3 / 2.50 | +2,000 | 7 / 3 / 2.50 | +2,000 | 8 / 3 / 2.00 | +4,000 |
| Gross Living Area | 2,623 Sq.Ft. | 2,435 Sq.Ft. | +5,000 | 2,460 Sq.Ft. | +4,000 | 1,546 Sq.Ft. | +27,000 |
| Basement & Finished Rooms Below Grade | NONE GST HSE | NONE NONE | +25,000 | NONE GST HSE | | NONE NONE | +25,000 |
| Functional Utility | AVERAGE | AVERAGE | | AVERAGE | | AVERAGE | |
| Heating/Cooling | RAD/ELEC/NONE | FAU/NONE | | FAU/NONE | | FAU/NONE | |
| Energy Efficient Items | STANDARD | STANDARD | | STANDARD | | STANDARD | |
| Garage/Carport | 4-G-A | 3-G-A | +3,000 | 3-G-A | +3,000 | 2-G-A | +6,000 |
| Porch, Patio, Deck, Fireplace(s), etc. | PATIO/PORCH 1 FPL | PATIO/PORCH 1 FPL | | PORCH/PAT 1 FPL | | PATIO/PORCH 1 FPL | |
| Fence, Pool, etc. | FENCING | FENCING | | FENCING | | FENCING | |
| OTHER | BONUS RM | BONUS RM | | LG BNUS RM | -10,000 | LG WRKSHP | -10,000 |
| Net Adj. (total) | | [X] + [ ] - | $ 9,000 | [ ] + [X] - | $ 27,000 | [ ] + [X] - | $ 17,000 |
| Adjusted Sales Price of Comparable | | Gross: 23.8% Net: 1.9% | $ 484,000 | Gross: 21.3% Net: -5.8% | $ 438,000 | Gross: 29.2% Net: -3.5% | $ 473,000 |

Comments on Sales Comparison (including the subject property's compatibility to the neighborhood, etc.): See Attached Addendum.

| ITEM | SUBJECT | COMPARABLE NO. 1 | COMPARABLE NO. 2 | COMPARABLE NO. 3 |
|---|---|---|---|---|
| Date, Price and Data Source for prior sales within year of appraisal | NO TRANSFER WITHIN LAST 36 MONTHS. | 09/14/2011 $805347T #44531 | 04/29/2011 $400000T #20671 | NO TRANSFER WITHIN LAST 12 MONTHS. |

Analysis of any current agreement of sale, option, or listing of the subject property and analysis of any prior sales of subject and comparables within one year of the date of appraisal: THE SUBJECT HAS NOT SOLD WITHIN THE LAST 3 YEARS, COMPS 1 AND 2 PRIOR TRANSFERS WERE AS TRUSTEES DEEDS

INDICATED VALUE BY SALES COMPARISON APPROACH $ 440,000

INDICATED VALUE BY INCOME APPROACH (If Applicable) Estimated Market Rent $ N/A /Mo. x Gross Rent Multiplier N/A = $ 0

**RECONCILIATION**

This appraisal is made [X] "as is" [ ] subject to the repairs, alterations, inspections or conditions listed below [ ] subject to completion per plans and specifications.

Conditions of Appraisal: NONE

Final Reconciliation: THIS REPORT IS MADE AS A COMPLETE SUMMARY APPRAISAL....(SEE ADDENDUM)

The purpose of this appraisal is to estimate the market value of the real property that is the subject of this report, based on the above conditions and the certification, contingent and limiting conditions, and market value definition that are stated in the attached Freddie Mac Form 439/Fannie Mae Form 1004B (Revised 6/93).

I (WE) ESTIMATE THE MARKET VALUE, AS DEFINED, OF THE REAL PROPERTY THAT IS THE SUBJECT OF THIS REPORT, AS OF 02/17/2012 (WHICH IS THE DATE OF INSPECTION AND THE EFFECTIVE DATE OF THIS REPORT) TO BE $ 440,000.

| APPRAISER: | SUPERVISORY APPRAISER (ONLY IF REQUIRED): |
|---|---|
| Signature: Glenn K. Ball | Signature: [ ] Did [ ] Did Not Inspect Property |
| Name GLENN K. BALL | Name |
| Date Report Signed 03/05/2012 | Date Report Signed |
| State Certification # AR030141 State CA | State Certification # State |
| Or State License # State | Or State License # State |

ADCOCK & ASSOCIATES

Supplemental Valuation Section

UNIFORM RESIDENTIAL APPRAISAL REPORT

File No. 0341-A12

SALES COMPARISON ANALYSIS

| ITEM | SUBJECT | COMPARABLE NO. 4 | | COMPARABLE NO. 5 | | COMPARABLE NO. 6 | |
|---|---|---|---|---|---|---|---|
| Address | 3550 ALISOS RD ARROYO GRANDE | 550 HIDDEN RANCH WY APN 091-111-025, CA 93420 | | 1836 HUASNA RD APN 047-161-006, CA 93420 | | 1065 CORBETT CYN RD APN 044-312-052, CA 93420 | |
| Proximity to Subject | | 5.48 miles SSW | | 1.97 miles W | | 2.96 miles WNW | |
| Sales Price | $ N/A | | $ 450,000 | | $ 499,000 | | $ 485,000 |
| Price/Gross Liv. Area | $ 0.00 ☑ | $ 82.51 ☑ | | $ 453.64 ☑ | | $ 256.34 ☑ | |
| Data and/or Verification Sources | INSPECTION | MLS/REALIST/DOM 18 SLOCA/DOC #10113 | | MLS/REALISTDQ SLOCA/DOM 168 | | MLS/REALISTDQ SLOCA | |
| VALUE ADJUSTMENTS | DESCRIPTION | DESCRIPTION | +(-) $ Adjustment | DESCRIPTION | +(-) $ Adjustment | DESCRIPTION | +(-) $ Adjustment |
| Sales or Financing Concessions | N/A | PAID CASH NONE | | N/A N/A | | N/A N/A | |
| Date of Sale/Time | N/A | 02/29/2011 | | ACTIVE | -40,000 | PENDING | -39,000 |
| Location | AVERAGE | AVERAGE | | AVERAGE | | AVERAGE | |
| Leasehold/Fee Simple | FEE SIMPLE | FEE SIMPLE | | FEE SIMPLE | | FEE SIMPLE | |
| Site | 5 ACRES | 5 ACRES | | 3 ACRES | +20,000 | 3.30 ACRES | +17,000 |
| View | SETTING | SETTING | | SETTING | | SETTING | |
| Design and Appeal | RANCH | RANCH | | RANCH | | RANCH | |
| Quality of Construction | AVERAGE | AVERAGE | | AVERAGE | | AVERAGE | |
| Age | 1974 | 1967 | +2,000 | 1920 | +16,000 | 1978 | -1,000 |
| Condition | FAIR | FAIR | | SUPERIOR | -50,000 | SUPERIOR | -50,000 |
| Above Grade Room Count (Total / Bdrms / Baths) | 9 / 4 / 3.00 | 13 / 6 / 4.00 | -4,000 | 5 / 3 / 1.00 | +8,000 | 7 / 3 / 2.50 | +2,000 |
| Gross Living Area | 2,623 Sq.Ft. | 5,454 Sq.Ft. | -71,000 | 1,100 Sq.Ft. | +38,000 | 1,892 Sq.Ft. | +18,000 |
| Basement & Finished Rooms Below Grade | NONE GST HSE | NONE NONE | +25,000 | NONE NONE | +25,000 | NONE NONE | +25,000 |
| Functional Utility | AVERAGE | AVERAGE | | AVERAGE | | AVERAGE | |
| Heating/Cooling | RAD/ELEC/NONE | FAU/NONE | | WALL/NONE | | RDNT/NONE | |
| Energy Efficient Items | STANDARD | STANDARD | | STANDARD | | STANDARD | |
| Garage/Carport | 4-G-A | 4-G-A | | 3-G-A | +3,000 | 2-G-A | +6,000 |
| Porch, Patio, Deck, Fireplace(s), etc. | PATIO/PORCH 1 FPL | PATIO/PORCH 1 FPL | | PATIO/PORCH 1 FPL | | PATIO/PORCH 1 FPL | |
| Fence, Pool, etc. | FENCING | FENCING | | FENCING | | FENCING | |
| OTHER | BONUS RM | LG SHOP | -10,000 | BARN | -10,000 | LG SHOP | -10,000 |
| Net Adj. (total) | | ☐ + ☒ - | $ 58,000 | ☒ + ☐ - | $ 10,000 | ☐ + ☒ - | $ 32,000 |
| Adjusted Sales Price of Comparable | | Gross: 24.9% Net: -12.9% | $ 392,000 | Gross: 42.1% Net: 2.0% | $ 509,000 | Gross: 34.6% Net: -6.6% | $ 453,000 |

Comments on Sales Comparison (including the subject property's compatibility to the neighborhood, etc.):

| ITEM | SUBJECT | COMPARABLE NO. 4 | COMPARABLE NO. 5 | COMPARABLE NO. 6 |
|---|---|---|---|---|
| Date, Price and Data Source for prior sales within year of appraisal | NO TRANSFER WITHIN LAST 36 MONTHS. | NO TRANSFER WITHIN LAST 12 MONTHS. | NO TRANSFER WITHIN LAST 12 MONTHS | NO TRANSFER WITHIN LAST 12 MONTHS |

Analysis of any current agreement of sale, option, or listing of the subject property and analysis of any prior sales of subject and comparables within one year of the date of appraisal:

ADDITIONAL COMMENTS

Produced using ACI software, 800.234.8727 www.aciweb.com

ADDENDUM

| Borrower: WILLIAM & JERRIE MURRAY | | File No.: 0341-A12 |
|---|---|---|
| Property Address: 3550 ALISOS RD | | Case No.: |
| City: ARROYO GRANDE | State: CA | Zip: 93420 |
| Lender: LAW OFFICE OF MICHAEL B CLAYTON & A | | |

**INTENT OF APPRAISAL**

APPRAISAL STANDARDS- THE UNDERSIGNED APPRAISER UNDERSTANDS AND ACKNOWLEDGES THAT (I) THIS APPRAISAL MAY BE USED IN A FEDERALLY RELATED TRANSACTION SUBJECT TO THE REQUIREMENTS OF TITLE XI OF THE FINANCIAL INSTITUTIONS REFORM, RECOVERY AND ENFORCEMENT ACT OF 1989 (FIRREA); (II) THE OFFICE OF THE CONTROLLER OF THE CURRENCY (OCC) AND THE OFFICE OF THRIFT SUPERVISION (OTS) HAVE PROMULGATGED REGULATIONS IMPLEMENTING FIRREA (THE 'OCC/OTS REGULATIONS'); (III) THIS APPRAISAL MUST COMPLY WITH OCC/OTS REGULATIONS. THE UNDERSIGNED APPRAISER ACKNOWLEDGES THAT HE/SHE HAS READ AND UNDERSTANDS THE UNIFORM STANDARDS OF PROFESSIONAL APPRAISER PRACTICE (USPAP) AS THEY WERE ADOPTED AND MAY BE AMENDED FROM TIME TO TIME BY THE APPRAISAL STANDARDS BOARD OF THE APPRAISAL FOUNDATION AND AS IMPLEMENTED BY AND UNINCORPORATED INTO THE OCC/OTS REGULATIONS.

## AREA INFLUENCES

SAN LUIS OBISPO COUNTY IS 150 MILES NORTH OF LOA ANGELES AND 200 MILES SOUTH OF SAN FRANCISCO AND IS DIVIDED GEOGRAPHICALLY AND POLITICALLY INTO A NORTH AND A SOUTH AREA. THE NORTH INCLUDES THE CITIES OF PASO ROBLES, TEMPLETON AND ATASCADERO WITH AN ECONOMY BASED ON AGRICULTURE AND MANUFACTURING, LOCAL GOVERNMENTS HISTORICALLY HAVE BEEN GROWTH ORIENTED. IN THE SOUTH ARE SAN LUIS OBISPO, COUNTY SEAT AND SITE OF CAL POLY UNIVERSITY, AS WELL AS MORRO BAY, PISMO BEACH, GROVER BEACH AND ARROYO GRANDE, AN ECONOMY BASED ON TOURISM, AGRICULTURE AND RESEARCH AND DEVELOPMENT. MAJOR EMPLOYERS ARE COUNTY GOVERNMENT, THE UNIVERSITY, DIABLO NUCLEAR PLANT AND RESEARCH AND DEVELOPMENT FIRMS. THE SOUTH IS PRIMARILY SLOW GROWTH ORIENTED, PARTLY AS A RESULT OF WATER SHORTAGES.

THE AREA HAS SEVERAL SEMI-CUSTOM HOMES AND CUSTOM HOMES OF VARIOUS AGES AND VALUES THROUGHOUT THE NEIGHBORHOOD. THE OCEAN, FIVE CITIES AREA, HWY 1 AND HWY 101 ARE ONLY MINUTES AWAY BY AUTOMOBLE. ALL THE STANDARD SOCIAL AND BUSINESS OPPORTUNITIES ARE AVAILABLE IN THE FIVE CITIES AREA.

THE SUBJECT AND ALL COMPS ARE IN THE EMERGENCY EVACUATION ZONE FOR THE DIABLO NUCLEAR POWER PLANT, AS IS ALL OF SOUTHERN SAN LUIS OBISPO COUNTY.

**ADDITIONAL FEATURES**

REFER TO THE FORM SECTION OF THIS REPORT FOR A BASIC DESCRIPTION OF THE IMPROVEMENTS. THE TYPE OF CONSTRUCTION AND MATERIALS UTILIZED ARE TYPICAL FOR THIS AREA. AN INTERIOR AND EXTERIOR INSPECTION OF THE PROPERTY WAS MADE TO DETERMINE ITS CONDITION AS THE DATE OF VALUE FOR LENDING PURPOSES. THE APPRAISER IS NOT A LICENSED BUILDING INSPECTOR AND NOT QUALIFIED TO RENDER ANY OPINION ON TERMITE DAMAGE, ENVIRONMENTAL HAZARDS OR HIDDEN STRUCTURAL DEFECTS INCLUDING PLUMBING, ELECTRICAL AND MECHANICAL EQUIPMENT. ANY APPARENT OR UNUSUAL DEFICIENCIES THAT HAVE BEEN NOTED ARE DISCUSSED.

THE SUBJECT IS A RANCH HOME ON 5 ACRES, THE HOME FEATURES INCLUDE:

4 CAR GARAGE
GUEST UNIT
BONUS RM
LARGE PATIO
EXTENSIVE TILE FLOORING
COV PORCH

THE SUBJECT UTILITIES WERE ON AT THE TIME OF INSPECTION

THE SUBJECT IS LOCATED IN AN AREA WHERE THERE HAVE BEEN NUMEROUS REOS AND SHORT SALES. STANDARD SALES DECLINED. IN THE PAST 2 YEARS IN THE SUBJECT COMPETITIVE AREA. HOWEVER, PLEASE NOTE PRICES APPEAR TO BE STABILIZING AFTER PEAKING IN LATE 2005 AND EARLY 2006.

PROBABLE CAUSE FOR DECLINE IN VALUES ARE REO AND SHORT SALES.

**SALES COMPARISON**

A THOROUGH SEARCH FOR COMPARABLE SALES WAS MADE TO FIND SALES OF PROPERTIES COMPARABLE TO THE SUBJECT PROPERTY. AFTER CONSIDERATION OF LOCATIONS, DATES OF SALE, PHYSICAL DIFFERENCES AND SPECIAL CONDITIONS, IN THE APPRAISERS JUDGEMENT, THE COMPARABLES USED ARE THE BEST INDICATORS OF THE SUBJECT'S VALUE.

ALTHOUGH NO TWO PROPERTIES ARE EXACTLY ALIKE, EXPERIENCE HAS SHOWN THAT ADJUSTMENTS CAN BE MADE FOR DIFFERENCES BETWEEN THE APPRAISED PROPERTY AND THE COMPARABLE SALES. DOLLAR ADJUSTMENTS WERE MADE ONLY FOR THOSE ITEMS JUDGED TO HAVE SIGNIFICANT DIFFERENCES WHICH A PRUDENT BUYER WOULD OR WOULD NOT PAY FOR THE VARIOUS CHARACTERISTICS (AMENITIES) OF THE SUBJECT OR THE COMPARABLE PROPERTIES SELECTED. ALL ADJUSTMENTS WERE BASED ON COMPARISON ANALYSIS (WHERE POSSIBLE), DISCUSSIONS WITH LOCAL REAL ESTATE AGENTS AND OTHER KNOWLEDGEABLE SOURCES, EXTENSIVE ANALYSIS OF RECENT SALES AND COMPARABLE LISTINGS AND THEIR OVERALL AFFECT ON MARKET VALUE. ALL ADJUSTMENTS HAVE BEEN ROUNDED TO THE NEAREST $1,000.

ADDENDUM

Borrower: WILLIAM & JERRIE MURRAY File No.: 0341-A12
Property Address: 3550 ALISOS RD Case No.:
City: ARROYO GRANDE State: CA Zip: 93420
Lender: LAW OFFICE OF MICHAEL B CLAYTON & A

COMPS EXCEED TYPICAL LENDER GUIDELINES AS TO PROXIMITY TO SUBJECT. HOWEVER, THIS IS NOT UNCOMMON WHEN DEALING WITH PROPERTIES ON ACREAGE.

THE DATA SELECTED FOR THIS ANALYSIS WAS CONSIDERED THE BEST AVAILABLE. A MAP SHOWING THE LOCATION OF EACH COMPARABLE IS ATTACHED AS WELL AS PHOTOGRAPHS OF EACH SALE.

**LOCATION**

ALL SALES WERE FROM THE SUBJECT'S COMPETITVE AREA. SOME OF THE COMPS ARE OVER 5 MILES FROM THE SUBJECT, THIS IS TYPICAL OF THE AREA.

**SITE**

$10,000 PER ACRE USED TO ADJUST FOR SITE SIZE.

**DESIGN/QUALITY**

ALL WERE AVERAGE QUALITY AND DESIGN.

**AGE**

$300 PER YEAR FOR AGE.

**CONDITION**

**$50,000 WAS MADE FOR CONDITION.**

**VIEW**

**$20,000 ALLOWED FOR COMP 3 VIEW**

**PARKING/WRKSHOP**

$3,000 PER GARAGE SPACE, $20,000 ALLOWED FOR A LRGE WORKSHP, $20,000 FOR A BARN

**ROOM COUNT**

$4,000 ADJUSTMENT FOR A BATHROOM., $2,000 FOR A 1/2 BATH. NO ADJUSTMENT MADE FOR THE DIFFERENCE IN BDRM COUNT THIS WAS COVERED UNDER THE LIVING AREA ADJUSTMENT

**LIVING AREA**

$20 PER SQ. FT. FOR LIVING AREA.

**GUEST HOUSE**

A $25,000 ADJUSTMENT MADE FOR A GUEST HOUSE, $10,000 FOR A BONUS RM, $20,000 FOR A LARGE BONUS RM.

THE SALES INDICATE A RANGE OF $392,000 - $509,000, SUPPORTING THE SUBJECT'S OPINION OF VALUE

**FINAL RECONCILITATION**
THE APPRAISAL IS MADE 'AS IS'. THERE ARE NO SPECIAL CONDITIONS OR REQUIREMENTS WHICH NEED TO BE MET TO SUPPORT THE ESTIMATE OF VALUE. SUBJECT AND OTHER HOMES IN THE SUBJECT NEIGHBORHOOD ARE SIMILAR AND ARE NOT TYPICALLY HELD FOR RENTAL INCOME, SO THE INCOME APPROACH IS NOT CONSIDERED TO BE A VALID INDICATOR OF VALUE.

THE COST APPROACH IS GIVEN MINIMAL WEIGHT BUT IS SUPPORTIVE OF THE ESTIMATED VALUE INDICATED BY THE MARKET DATA APPROACH.

THE MARKET DATA APPROACH IS GIVEN THE GREATEST WEIGHT TO DETERMINE THE SUBJECT'S ESTIMATED VALUE, AS IT REFLECTS THE ACTIONS OF BUYERS AND SELLERS IN THE CURRENT MARKETPLACE. SEVERAL SALES WERE REVIEWED AND COMPARABLES USED WERE JUDGED TO BE SIMILAR TO SUBJECT INDICATING A VALUE OF $440,000

**ADDITIONAL COMMENTS**

THIS REPORT UTILIZES A DIGITAL SIGNITURE AND/OR EDI TRANSMISSION, IT HAS BEEN PREPARED IN COMPLIANCE WITH USPAP GUIDLINES WHICH INCLUDES A SECURE DIGITAL SIGNATURE. SIGNATURE IS TRUE AND AUTHENTIC, SECURITY MEASURES ARE IMPLACE TO PROTECT THE DATA PRODUCED BY APPRAISER.

**NOTE REGARDING PHYSICAL INDADEQUACIES AND SUBJECTS CONDITION**

THE SUBJECT WAS RATED FAIR FOR CONDITION DUE TO OBVIOUS DEFERRED MAINTENANCE ISSUES AND THE

ADDENDUM

| | | |
|---|---|---|
| Borrower: WILLIAM & JERRIE MURRAY | | File No.: 0341-A12 |
| Property Address: 3550 ALISOS RD | | Case No.: |
| City: ARROYO GRANDE | State: CA | Zip: 93420 |
| Lender: LAW OFFICE OF MICHAEL B CLAYTON & A | | |

NEED FOR SIGNIFICANT REPAIRS INCLUDING; MAJOR LEAKS IN ROOF, WATER CEILING DAMAGE, BROKEN PIPES, FLOOR TILES AND PROBLEMS WITH THE HEATING SYSTEM, DRYROT AND BROKEN DOORS.

THE SUBJECT ALSO HAS 3 WOODEN SHEDS THAT ARE IN POOR CONDITION AND MAY PRESENT A SAFETY HAZARD. SEE PHOTOS

THE GUEST UNIT AND BONUS RM WERE IN AVERAGE CONDITON.

APPCOCK & ASSOCIATES

# MULTI-PURPOSE SUPPLEMENTAL ADDENDUM FOR FEDERALLY RELATED TRANSACTIONS

0341-A12

Borrower/Client WILLIAM & JERRIE MURRAY
Property Address 3550 ALISOS RD
City ARROYO GRANDE County SAN LUIS OBISPO State CA Zip Code 93420
Lender LAW OFFICE OF MICHAEL B CLAYTON & A

This Multi-Purpose Supplemental Addendum for Federally Related Transactions was designed to provide the appraiser with a convenient way to comply with the current appraisal standards and requirements of the Federal Deposit Insurance Corporation (FDIC), the Office of the Comptroller of Currency (OCC), The Office of Thrift Supervision (OTS), the Resolution Trust Corporation (RTC) and the Federal Reserve.

**This Multi-Purpose Supplemental Addendum is for use with any appraisal. Only those statements which have been checked by the appraiser apply to the property being appraised.**

## PURPOSE & FUNCTION OF APPRAISAL

The purpose of the appraisal is to estimate the market value of the subject property as defined herein. The function of the appraisal is to assist the above-named Lender in evaluating the subject property for lending purposes. This is a federally related transaction.

## EXTENT OF APPRAISAL PROCESS

[X] The appraisal is based on the information gathered by the appraiser from public records, other identified sources, inspection of the subject property and neighborhood, and selection of comparable sales within the subject market area. The original source of the comparables is shown in the Data Source section of the market grid along with the source of confirmation, if available. The original source is presented first. The sources and data are considered reliable. When conflicting information was provided, the source deemed most reliable has been used. Data believed to be unreliable was not included in the report nor used as a basis for the value conclusion.

[X] The Reproduction Cost is based on MARSHALL & SWIFT COST HANDBOOK supplemented by the appraiser's knowledge of the local market.

[X] Physical depreciation is based on the estimated effective age of the subject property. Functional and/or external depreciation, if present, is specifically addressed in the appraisal report or other addenda. In estimating the site value, the appraiser has relied on personal knowledge of the local market. This knowledge is based on prior and/or current analysis of site sales and/or abstraction of site values from sales of improved properties.

[X] The subject property is located in an area of primarily owner-occupied single family residences and the Income Approach is not considered to be meaningful. For this reason, the Income Approach was not used.

[ ] The Estimated Market Rent and Gross Rent Multiplier utilized in the Income Approach are based on the appraiser's knowledge of the subject market area. The rental knowledge is based on prior and/or current rental rate surveys of residential properties. The Gross Rent Multiplier is based on prior and/or current analysis of prices and market rates for residential properties.

[ ] For income producing properties, actual rents, vacancies and expenses have been reported and analyzed. They have been used to project future rents, vacancies and expenses.

## SUBJECT PROPERTY OFFERING INFORMATION

According to MLS/AGENT the subject property;

[X] **has not been offered** for sale in the past: [ ] 30 days [ ] 1 year [X] 3 years
[ ] **is currently offered** for sale for $ ________
[ ] **was offered** for sale within the past: [ ] 30 days [ ] 1 year [ ] 3 years for $ ________
[ ] Offering information **was considered** in the final reconciliation of value.
[ ] Offering information **was not considered** in the final reconciliation of value.
[ ] Offering information **was not available**. The reasons for unavailability and the steps taken by the appraiser are explained later in this addendum.

## SALES HISTORY OF SUBJECT PROPERTY

According to OWNER AND PUBLIC RECORDS the subject property;

[ ] **has not transferred** in the past twelve months.
[X] **has not transferred** in the past thirty-six months.
[ ] **has transferred** in the past twelve months.
[ ] **has transferred** in the past thirty-six months.
[ ] All prior sales which have occurred in the past twelve months are listed below and reconciled to the appraised value, either in the body of the report or in the addenda.

| Date | Sales Price | Document # | Seller | Buyer |
|---|---|---|---|---|
| | | | | |
| | | | | |
| | | | | |

## FEMA FLOOD HAZARD DATA

[X] Subject property **is not located** in a FEMA Special Flood Hazard Area.
[ ] Subject property **is located** in a FEMA Special Flood Hazard Area.

| Zone | FEMA Map/Panel# | Map Date | Name of Community |
|---|---|---|---|
| C | 060304 0733D | 06/03/91 | UNINCORPORATED SLO COUNTY |

[ ] The community **does not participate** in the National Flood Insurance Program.
[X] The community **does participate** in the National Flood Insurance Program.
[X] It is covered by a **regular** program.
[ ] It is covered by an **emergency** program.

## CURRENT SALES CONTRACT

[X] The subject property is **currently not under contract.**
[ ] The contract and/or escrow instructions **were not available for review.** The unavailability of the contract is explained later in the addenda section.
[ ] The contract and/or escrow instructions **were reviewed.** The following summarizes the contract:

| Contract Date | Amendment Date | Contract Price | Seller |
|---|---|---|---|
| | | | |

[ ] The contract indicated that personal property **was not included** in the sale.
[ ] The contract indicated that personal property **was included.** It consisted of ______ Estimated contributory value is $ ______
[X] Personal property **was not included** in the final value estimate.
[ ] Personal property **was included** in the final value estimate.
[ ] The contract indicated **no financing concessions** or other incentives.
[ ] The contract indicated **the following concessions** or incentives: ______

[X] If concessions or incentives exist, the comparables were checked for similar concessions and appropriate adjustments were made, if applicable, so that the final value conclusion is in compliance with the Market Value defined herein.

## MARKET OVERVIEW

3-6 months is considered a reasonable marketing period for the subject property based on ANALYSIS OF SALES AND CURRENT LISTINGS.

## ADDITIONAL CERTIFICATION

The Appraiser certifies and agrees that:

(1) Their analyses, opinions and conclusions were developed, and this report was prepared, in conformity with the Uniform Standards of Professional Appraisal Practice ("USPAP"), except that the Departure Provision of the USPAP does not apply.
(2) Their compensation is not contingent upon the reporting of predetermined value or direction in value that favors the cause of the client, the amount of the value estimate, the attainment of a stipulated result, or the occurrence of a subsequent event.
(3) This appraisal assignment was not based on the requested minimum valuation, a specific valuation, or the approval of a loan.

## ADDITIONAL (ENVIRONMENTAL) LIMITING CONDITIONS

The value estimated is based on the assumption that the property is not negatively affected by the existence of hazardous substances or detrimental environmental conditions unless otherwise stated in this report. The appraiser is not an expert in the identification of hazardous substances or detrimental environmental conditions. The appraiser's routine inspection of and inquiries about the subject property did not develop any information that indicated any apparent significant hazardous substances or detrimental environmental conditions which would affect the property negatively unless otherwise stated in this report. It is possible that tests and inspections made by a qualified hazardous substance and environmental expert would reveal the existence of hazardous substances or detrimental environmental conditions on or around the property that would negatively affect its value.

## ADDITIONAL COMMENTS

NONE

## APPRAISER'S SIGNATURE & LICENSE/CERTIFICATION

Appraiser's Signature Glenn K. Ball
Appraiser's Name (print) GLENN K. BALL Phone # (805 )934-3800
State CA [X] License [ ] Certification # AR030141
Effective Date 02/17/2012
Date Prepared 03/05/2012
Tax ID #

## CO-SIGNING APPRAISER'S CERTIFICATION

[ ] The co-signing appraiser **has personally inspected** the subject property, both inside and out, and has made an exterior inspection of all comparable sales listed in the report. The report was prepared by the appraiser under direct supervision of the co-signing appraiser. The co-signing appraiser accepts responsibility for the contents of the report including the value conclusions and the limiting conditions, and confirms that the certifications apply fully to the co-signing appraiser
[ ] The co-signing appraiser **has not personally inspected** the interior of the subject property and:
[ ] **has not inspected** the exterior of the subject property and all comparable sales listed in the report.
[ ] **has inspected** the exterior of the subject property and all comparable sales listed in the report.
[ ] The report was prepared by the appraiser under direct supervision of the co-signing appraiser. The co-signing appraiser accepts responsibility for the contents of the report, including the value conclusions and the limiting conditions, and confirms that the certifications apply fully to the co-signing appraiser with the exception of the certification regarding physical inspections. The above describes a level of inspection performed by co-signing appraiser.
[ ] The co-signing appraiser's level of inspection, involvement in the appraisal process and certification are covered elsewhere in the addenda section of this appraisal.

## CO-SIGNING APPRAISER'S SIGNATURE & LICENSE/CERTIFICATION

Co-Signing Appraiser's Signature
Appraiser's Name (print) Phone # ( )
State CA [ ] License [ ] Certification #
Effective Date
Date Prepared
Tax ID #

Produced using ACI software, 800.234.8727 www.aciweb.com

SUBJECT PROPERTY PHOTO ADDENDUM

| Borrower: WILLIAM & JERRIE MURRAY | | File No.: 0341-A12 |
|---|---|---|
| Property Address: 3550 ALISOS RD | | Case No.: |
| City: ARROYO GRANDE | State: CA | Zip: 93420 |
| Lender: LAW OFFICE OF MICHAEL B CLAYTON & A | | |

**FRONT VIEW OF SUBJECT PROPERTY**

Appraised Date: February 17, 2012
Appraised Value: $ 440,000

**REAR VIEW OF SUBJECT PROPERTY**

**STREET SCENE**

COMPARABLE PROPERTY PHOTO ADDENDUM

| Borrower: WILLIAM & JERRIE MURRAY | | File No.: 0341-A12 |
|---|---|---|
| Property Address: 3550 ALISOS RD | | Case No.: |
| City: ARROYO GRANDE | State: CA | Zip: 93420 |
| Lender: LAW OFFICE OF MICHAEL B CLAYTON & A | | |

COMPARABLE SALE #1

2081 LAGUNA NEGRA
APN 091-391-024, CA 93420
Sale Date: 09/22/2011
Sale Price: $ 475,000

COMPARABLE SALE #2

2360 AUTUMN PL
APN 091-402-022, CA 93420
Sale Date: 01/03/2012
Sale Price: $ 465,000

COMPARABLE SALE #3

269 STANTON ST
APN 091-011-029, CA 93420
Sale Date: 12/08/2011
Sale Price: $ 490,000

COMPARABLE PROPERTY PHOTO ADDENDUM

Borrower: WILLIAM & JERRIE MURRAY | File No.: 0341-A12
Property Address: 3550 ALISOS RD | Case No.:
City: ARROYO GRANDE | State: CA | Zip: 93420
Lender: LAW OFFICE OF MICHAEL B CLAYTON & A

COMPARABLE SALE #4

550 HIDDEN RANCH WY
APN 091-111-025, CA 93420
Sale Date: 02/29/2011
Sale Price: $ 450,000

COMPARABLE SALE #5

1836 HUASNA RD
APN 047-161-006, CA 93420
Sale Date: ACTIVE
Sale Price: $ 499,000

COMPARABLE SALE #6

1065 CORBETT CYN RD
APN 044-312-052, CA 93420
Sale Date: PENDING
Sale Price: $ 485,000

PLAT MAP

Borrower: WILLIAM & JERRIE MURRAY
File No.: 0341-A12
Property Address: 3550 ALISOS RD
Case No.:
City: ARROYO GRANDE
State: CA
Zip: 93420
Lender: LAW OFFICE OF MICHAEL B CLAYTON & A

LOCATION MAP

| | | | |
|---|---|---|---|
| Borrower: WILLIAM & JERRIE MURRAY | | File No.: 0341-A12 | |
| Property Address: 3550 ALISOS RD | | Case No.: | |
| City: ARROYO GRANDE | State: CA | | Zip: 93420 |
| Lender: LAW OFFICE OF MICHAEL B CLAYTON & A | | | |



FLOORPLAN SKETCH

Borrower: WILLIAM & JERRIE MURRAY File No.: 0341-A12
Property Address: 3550 ALISOS RD Case No.:
City: ARROYO GRANDE State: CA Zip: 93420
Lender: LAW OFFICE OF MICHAEL B CLAYTON & A

Sketch by Apex Medina™

Comments:

**AREA CALCULATIONS SUMMARY**

| Code | Description | Net Size | Net Totals |
|---|---|---|---|
| GLA1 | First Floor | 2623.0 | 2623.0 |
| GAR | 4 CAR GARAGE | 840.0 | 840.0 |
| P/P | COV PORCH | 82.5 | |
| | PATIO | 1419.0 | |
| | COV PATIO | 395.0 | 1896.5 |
| OTH | guest unit | 1425.5 | |
| | BONAS RM | 400.0 | |
| | Storage | 120.0 | 1945.5 |
| | Net LIVABLE Area | (rounded) | 2623 |

**LIVING AREA BREAKDOWN**

| Breakdown | Subtotals |
|---|---|
| First Floor | |
| 28.0 x 42.5 | 1190.0 |
| 5.5 x 20.0 | 110.0 |
| 21.0 x 63.0 | 1323.0 |
| 3 Items (rounded) | 2623 |

File No. 0341-A12

**DEFINITION OF MARKET VALUE:** The most probable price which a property should bring in a competitive and open market under all conditions requisite to a fair sale, the buyer and seller, each acting prudently, knowledgeably and assuming the price is not affected by undue stimulus. Implicit in this definition is the consummation of a sale as of a specified date and the passing of title from seller to buyer under conditions whereby: (1) buyer and seller are typically motivated; (2) both parties are well informed or well advised, and each acting in what he considers his own best interest; (3) a reasonable time is allowed for exposure in the open market; (4) payment is made in terms of cash in U.S. dollars or in terms of financial arrangements comparable thereto; and (5) the price represents the normal consideration for the property sold unaffected by special or creative financing or sales concessions* granted by anyone associated with the sale.

*Adjustments to the comparables must be made for special or creative financing or sales concessions. No adjustments are necessary for those costs which are normally paid by sellers as a result of tradition or law in a market area; these costs are readily identifiable since the seller pays these costs in virtually all sales transactions. Special or creative financing adjustments can be made to the comparable property by comparisons to financing terms offered by a third party institutional lender that is not already involved in the property or transaction. Any adjustment should not be calculated on a mechanical dollar for dollar cost of the financing or concession but the dollar amount of any adjustment should approximate the market's reaction to the financing or concessions based on the Appraiser's judgment.

## STATEMENT OF LIMITING CONDITIONS AND APPRAISER'S CERTIFICATION

**CONTINGENT AND LIMITING CONDITIONS:** The appraiser's certification that appears in the appraisal report is subject to the following conditions:

1. The appraiser will not be responsible for matters of a legal nature that affect either the property being appraised or the title to it. The appraiser assumes that the title is good and marketable and, therefore, will not render any opinions about the title. The property is appraised on the basis of it being under responsible ownership.

2. The appraiser has provided a sketch in the appraisal report to show approximate dimensions of the improvements and the sketch is included only to assist the reader of the report in visualizing the property and understanding the appraiser's determination of its size.

3. The appraiser has examined the available flood maps that are provided by the Federal Emergency Management Agency (or other data sources) and has noted in the appraisal report whether the subject site is located in an identified Special Flood Hazard Area. Because the appraiser is not a surveyor, he or she makes no guarantees, express or implied, regarding this determination.

4. The appraiser will not give testimony or appear in court because he or she made an appraisal of the property in question, unless specific arrangements to do so have been made beforehand.

5. The appraiser has estimated the value of the land in the cost approach at its highest and best use and the improvements at their contributory value. These separate valuations of the land and improvements must not be used in conjunction with any other appraisal and are invalid if they are so used.

6. The appraiser has noted in the appraisal report any adverse conditions (such as, needed repairs, depreciation, the presence of hazardous wastes, toxic substances, etc. ) observed during the inspection of the subject property or that he or she became aware of during the normal research involved in performing the appraisal. Unless otherwise stated in the appraisal report, the appraiser has no knowledge of any hidden or unapparent conditions of the property or adverse environmental conditions (including the presence of hazardous wastes, toxic substances, etc. ) that would make the property more or less valuable, and has assumed that there are no such conditions and makes no guarantees or warranties, express or implied, regarding the condition of the property. The appraiser will not be responsible for any such conditions that do exist or for any engineering or testing that might be required to discover whether such conditions exist. Because the appraiser is not an expert in the field of environmental hazards, the appraisal report must not be considered as an environmental assessment of the property.

7. The appraiser obtained the information, estimates, and opinions that were expressed in the appraisal report from sources that he or she considers to be reliable and believes them to be true and correct. The appraiser does not assume responsibility for the accuracy of such items that were furnished by other parties.

8. The appraiser will not disclose the contents of the appraisal report except as provided for in the Uniform Standards of Professional Appraisal Practice.

9. The appraiser has based his or her appraisal report and valuation conclusion for an appraisal that is subject to satisfactory completion, repairs, or alterations on the assumption that completion of the improvements will be performed in a workmanlike manner.

10. The appraiser must provide his or her prior written consent before the lender/client specified in the appraisal report can distribute the appraisal report (including conclusions about the property value, the appraiser's identity and professional designations, and references to any professional appraisal organizations or the firm with which the appraiser is associated ) to anyone other than the borrower; the mortgagee or its successors and assigns; the mortgage insurer; consultants; professional appraisal organizations; any state or federally approved financial institution; or any department, agency, or instrumentality of the United States or any state or the District of Columbia; except that the lender/client may distribute the property description section of the report only to data collection or reporting service(s) without having to obtain the appraiser's prior written consent. The appraiser's written consent and approval must also be obtained before the appraisal can be conveyed by anyone to the public through advertising, public relations, news, sales, or other media.

File No. 0341-A12

**APPRAISERS CERTIFICATION:** The Appraiser certifies and agrees that:

1. I have researched the subject market area and have selected a minimum of three recent sales of properties most similar and proximate to the subject property for consideration in the sales comparison analysis and have made a dollar adjustment when appropriate to reflect the market reaction to those items of significant variation. If a significant item in a comparable property is superior to , or more favorable than, the subject property, I have made a negative adjustment to reduce the adjusted sales price of the comparable and, if a significant item in a comparable property is inferior to, or less favorable than the subject property, I have made a positive adjustment to increase the adjusted sales price of the comparable.

2. I have taken into consideration the factors that have an impact on value in my development of the estimate of market value in the appraisal report. I have not knowingly withheld any significant information from the appraisal report and I believe, to the best of my knowledge, that all statements and information in the appraisal report are true and correct.

3. I stated in the appraisal report only my own personal, unbiased, and professional analysis, opinions, and conclusions, which are subject only to the contingent and limiting conditions specified in this form.

4. I have no present or prospective interest in the property that is the subject to this report, and I have no present or prospective personal interest or bias with respect to the participants in the transaction. I did not base, either partially or completely, my analysis and/or the estimate of market value in the appraisal report on the race, color, religion, sex, handicap, familial status, or national origin of either the prospective owners or occupants of the subject property or of the present owners or occupants of the properties in the vicinity of the subject property.

5. I have no present or contemplated future interest in the subject property, and neither my current or future employment nor my compensation for performing this appraisal is contingent on the appraised value of the property.

6. I was not required to report a predetermined value or direction in value that favors the cause of the client or any related party, the amount of the value estimate, the attainment of a specific result, or the occurrence of a subsequent event in order to receive my compensation and/or employment for performing the appraisal. I did not base the appraisal report on a requested minimum valuation, a specific valuation, or the need to approve a specific mortgage loan.

7. I performed this appraisal in conformity with the Uniform Standards of Professional Appraisal Practice that were adopted and promulgated by the Appraisal Standards Board of The Appraisal Foundation and that were in place as of the effective date of this appraisal, with the exception of the departure provision of those Standards, which does not apply. I acknowledge that an estimate of a reasonable time for exposure in the open market is a condition in the definition of market value and the estimate I developed is consistent with the marketing time noted in the neighborhood section of this report, unless I have otherwise stated in the reconciliation section.

8. I have personally inspected the interior and exterior areas of the subject property and the exterior of all properties listed as comparables in the appraisal report. I further certify that I have noted any apparent or known adverse conditions in the subject improvements, on the subject site, or on any site within the immediate vicinity of the subject property of which I am aware and have made adjustments for these adverse conditions in my analysis of the property value to the extent that I had market evidence to support them. I have also commented about the effect of the adverse conditions on the marketability of the subject property.

9. I personally prepared all conclusions and opinions about the real estate that were set forth in the appraisal report. If I relied on significant professional assistance from any individual or individuals in the performance of the appraisal or the preparation of the appraisal report, I have named such individual(s) and disclosed the specific tasks performed by them in the reconciliation section of this appraisal report. I certify that any individual so named is qualified to perform the tasks. I have not authorized anyone to make a change to any item in the report; therefore, if an unauthorized change is made to the appraisal report, I will take no responsibility for it.

**SUPERVISORY APPRAISER'S CERTIFICATION:** If a supervisory appraiser signed the appraisal report, he or she certifies and agrees that: I directly supervise the appraiser who prepared the appraisal report, have reviewed the appraisal report, agree with the statements and conclusions of the appraiser, agree to be bound by the appraiser's certifications numbered 4 through 7 above, and am taking full responsibility for the appraisal and the appraisal report.

**ADDRESS OF PROPERTY APPRAISED:** 3550 ALISOS RD, ARROYO GRANDE, CA 93420

**APPRAISER:**

Signature: Glenn K. Ball
Name: GLENN K. BALL
Date Signed: 03/05/2012
State Certification #: AR030141
or State License #:
State: CA
Expiration Date of Certification or License: 02/18/2013

**SUPERVISORY APPRAISER (only if required)**

Signature:
Name:
Date Signed:
State Certification #:
or State License #:
State:
Expiration Date of Certification or License:

☐ Did ☐ Did Not Inspect Property

| Borrower: WILLIAM & JERRIE MURRAY | | File No.: 0341-A12 |
|---|---|---|
| Property Address: 3550 ALISOS RD | | Case No.: |
| City: ARROYO GRANDE | State: CA | Zip: 93420 |
| Lender: LAW OFFICE OF MICHAEL B CLAYTON & A | | |

GST HOUSE

BONUS RM

GARAGE

SUBJECT

| Borrower: WILLIAM & JERRIE MURRAY | | File No.: 0341-A12 |
| --- | --- | --- |
| Property Address: 3550 ALISOS RD | | Case No.: |
| City: ARROYO GRANDE | State: CA | Zip: 93420 |
| Lender: LAW OFFICE OF MICHAEL B CLAYTON & A | | |

WATER DAMAGE ON CEILINGS

FAMILY RM

DINING

SUBJECT

| Borrower: WILLIAM & JERRIE MURRAY | | File No.: 0341-A12 |
|---|---|---|
| Property Address: 3550 ALISOS RD | | Case No.: |
| City: ARROYO GRANDE | State: CA | Zip: 93420 |
| Lender: LAW OFFICE OF MICHAEL B CLAYTON & A | | |

WATER DAMAGE TO CEILINGS

WATER DAMAGE ABOVE SHOWER

BATH

SUBJECT

| Borrower: WILLIAM & JERRIE MURRAY | | File No.: 0341-A12 |
| --- | --- | --- |
| Property Address: 3550 ALISOS RD | | Case No.: |
| City: ARROYO GRANDE | State: CA | Zip: 93420 |
| Lender: LAW OFFICE OF MICHAEL B CLAYTON & A | | |

BDRM

BATH

BATH

SUBJECT

| Borrower: WILLIAM & JERRIE MURRAY | | File No.: 0341-A12 |
|---|---|---|
| Property Address: 3550 ALISOS RD | | Case No.: |
| City: ARROYO GRANDE | State: CA | Zip: 93420 |
| Lender: LAW OFFICE OF MICHAEL B CLAYTON & A | | |

BDRM

BDRM

RIGHT SIDE

SUBJECT

| Borrower: WILLIAM & JERRIE MURRAY | File No.: 0341-A12 | |
|---|---|---|
| Property Address: 3550 ALISOS RD | Case No.: | |
| City: ARROYO GRANDE | State: CA | Zip: 93420 |
| Lender: LAW OFFICE OF MICHAEL B CLAYTON & A | | |

LEFT SIDE

GST HSE REAR

BDRM

## INTERIOR PHOTOS

| Borrower: WILLIAM & JERRIE MURRAY | | File No.: 0341-A12 |
|---|---|---|
| Property Address: 3550 ALISOS RD | | Case No.: |
| City: ARROYO GRANDE | State: CA | Zip: 93420 |
| Lender: LAW OFFICE OF MICHAEL B CLAYTON & A | | |

**Kitchen**

Comment:

**Living Area**

Description:

Comment:
HAS BED IN LIVING RM

**Bathroom**

Description:

Comment:

# Exhibit D

**DECLARATION OF GLENN K. BALL**

I, GLENN K. BALL, hereby declares:

1. I am qualified to make this declaration based upon my knowledge of real estate appraising, as more fully set forth in the Uniform Residential Appraisal Report (the "Appraisal"), attached as Exhibit E in Plaintiff's Supplemental Complaint by Debtors' Pursuant to 11 U.S.C. 506(a) and Bankruptcy Rule 3012 to Determine the Value of Security and Creditor Specialized Loan Servicing, Loan, Allowed Secured Claim.

2. My State Certification License Number is AR030141.

3. The Appraisal was prepared by me for counsel for Debtors' William R. Murray and Jerrie L. Murray and Attorney William L. Redell of Michael B. Clayton & Associates, for the purpose of determining the value of the real property located at 3550 Aliso Road, Arroyo Grande, CA 93420, (the "Property").

4. In the course of preparing the Appraisal, I followed the practices and procedures required of my profession in determining the value of the Property. I have no pre-existing relationship with either of the debtors' or with the attorney for the debtors'. I do not own any interest in the Property and have not been offered an interest in the Property. I was compensated for my services.

5. Based upon the evaluation and analysis prepared, as set forth in the Appraisal, it is my professional opinion that the value of the Property, as of the date shown in the Appraisal, February 17, 2012 is approximately $440,000.00.

I declare under penalty of perjury under the Laws of the State of California that the above is true and correct to the best of my knowledge.

Executed in Santa Maria, State of California, on this 30th day of April 2012

Glenn K. Ball
Appraiser

# Exhibit E

B 10 (Official Form 10) (12/11)

**UNITED STATES BANKRUPTCY COURT** Central District of California

**PROOF OF CLAIM**

Name of Debtor: Jerrie L. Murray and William R. Murray

Case Number: 9:12-bk-10671-RR

NOTE: *Do not use this form to make a claim for an administrative expense that arises after the bankruptcy filing. You may file a request for payment of an administrative expense according to 11 U.S.C. § 503.*

Name of Creditor (the person or other entity to whom the debtor owes money or property):
The Bank of New York Mellon Trust Company, National Association, as Trustee, fka The Bank of New York Trust Company, N.A., as Trustee, as successor to JPMorgan Chase Bank N.A. as Trustee for RAMP 2003RS2.

**COURT USE ONLY**

Name and address where notices should be sent:
GMAC Mortgage, LLC
ATTN: Bankruptcy Department
1100 Virginia Drive
Ft. Washington, PA 19034

Telephone number: 1-800-850-4622 email:

☐ Check this box if this claim amends a previously filed claim.

**Court Claim Number:**________
*(If known)*

Filed on:________

Name and address where payment should be sent (if different from above):
GMAC Mortgage, LLC
ATTN: Payment Processing
3451 Hammond Avenue
Waterloo, IA 50702

Telephone number: 1-800-850-4622 email:

☐ Check this box if you are aware that anyone else has filed a proof of claim relating to this claim. Attach copy of statement giving particulars.

**1. Amount of Claim as of Date Case Filed:** $ 455,848.64

If all or part of the claim is secured, complete item 4.

If all or part of the claim is entitled to priority, complete item 5.

☑ Check this box if the claim includes interest or other charges in addition to the principal amount of the claim. Attach a statement that itemizes interest or charges.

**2. Basis for Claim:** MONEY LOANED
(See instruction #2)

**3. Last four digits of any number by which creditor identifies debtor:** ******2165

**3a. Debtor may have scheduled account as:** ________
(See instruction #3a)

**3b. Uniform Claim Identifier (optional):** ________
(See instruction #3b)

**4. Secured Claim** (See instruction #4)
Check the appropriate box if the claim is secured by a lien on property or a right of setoff, attach required redacted documents, and provide the requested information.

**Nature of property or right of setoff:** ☑ Real Estate ☐ Motor Vehicle ☐ Other
**Describe:** 3550 Aliso Road, Arroyo Grande, California 93420

**Value of Property:** $ 440,000.00*

**Annual Interest Rate** 4.19 % ☑ Fixed or ☐ Variable
**(when case was filed)**

**Amount of arrearage and other charges, as of the time case was filed, included in secured claim, if any:** $ 28,346.13

**Basis for perfection:** Deed of Trust/Mortgage

**Amount of Secured Claim:** $ 455,848.64

**Amount Unsecured:** $________

**5. Amount of Claim Entitled to Priority under 11 U.S.C. §507(a). If any part of the claim falls into one of the following categories, check the box specifying the priority and state the amount.**

☐ Domestic support obligations under 11 U.S.C. §507(a)(1)(A) or (a)(1)(B).

☐ Wages, salaries, or commissions (up to $11,725*) earned within 180 days before the case was filed or the debtor's business ceased, whichever is earlier – 11 U.S.C. §507 (a)(4).

☐ Contributions to an employee benefit plan – 11 U.S.C. §507 (a)(5).

☐ Up to $2,600* of deposits toward purchase, lease, or rental of property or services for personal, family, or household use – 11 U.S.C. §507 (a)(7).

☐ Taxes or penalties owed to governmental units – 11 U.S.C. §507 (a)(8).

☐ Other – Specify applicable paragraph of 11 U.S.C. §507 (a)(__).

**Amount entitled to priority:**
$________

**Amounts are subject to adjustment on 4/1/13 and every 3 years thereafter with respect to cases commenced on or after the date of adjustment.*

**6. Credits.** The amount of all payments on this claim has been credited for the purpose of making this proof of claim. (See instruction #6)

**7. Documents:** Attached are **redacted** copies of any documents that support the claim, such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, judgments, mortgages, and security agreements. If the claim is secured, box 4 has been completed, and **redacted** copies of documents providing evidence of perfection of a security interest are attached. *(See instruction #7, and the definition of "**redacted**".)*

DO NOT SEND ORIGINAL DOCUMENTS. ATTACHED DOCUMENTS MAY BE DESTROYED AFTER SCANNING.

If the documents are not available, please explain:

**8. Signature:** (See instruction #8)

Check the appropriate box.

☐ I am the creditor. ☐ I am the creditor's authorized agent. (Attach copy of power of attorney, if any.) ☐ I am the trustee, or the debtor, or their authorized agent. (See Bankruptcy Rule 3004.) ☐ I am a guarantor, surety, indorser, or other codebtor. (See Bankruptcy Rule 3005.)

I declare under penalty of perjury that the information provided in this claim is true and correct to the best of my knowledge, information, and reasonable belief.

Print Name: Josephine E. Salmon (SBN 206167)
Title: Attorney
Company: PITE DUNCAN, LLP
Address and telephone number (if different from notice address above):
4375 Jutland Drive, Suite 200
P.O. Box 17933
San Diego, CA 92177-0933
Telephone number: (858) 750-7600 email: jsalmon@piteduncan.com

(Signature) (Date) April 16, 2012

*Penalty for presenting fraudulent claim:* Fine of up to $500,000 or imprisonment for up to 5 years, or both. 18 U.S.C. §§ 152 and 3571.

## INSTRUCTIONS FOR PROOF OF CLAIM FORM

*The instructions and definitions below are general explanations of the law. In certain circumstances, such as bankruptcy cases not filed voluntarily by the debtor, exceptions to these general rules may apply.*

**Items to be completed in Proof of Claim form**

**Court, Name of Debtor, and Case Number:**
Fill in the federal judicial district in which the bankruptcy case was filed (for example, Central District of California), the debtor's full name, and the case number. If the creditor received a notice of the case from the bankruptcy court, all of this information is at the top of the notice.

**Creditor's Name and Address:**
Fill in the name of the person or entity asserting a claim and the name and address of the person who should receive notices issued during the bankruptcy case. A separate space is provided for the payment address if it differs from the notice address. The creditor has a continuing obligation to keep the court informed of its current address. See Federal Rule of Bankruptcy Procedure (FRBP) 2002(g).

**1. Amount of Claim as of Date Case Filed:**
State the total amount owed to the creditor on the date of the bankruptcy filing. Follow the instructions concerning whether to complete items 4 and 5. Check the box if interest or other charges are included in the claim.

**2. Basis for Claim:**
State the type of debt or how it was incurred. Examples include goods sold, money loaned, services performed, personal injury/wrongful death, car loan, mortgage note, and credit card. If the claim is based on delivering health care goods or services, limit the disclosure of the goods or services so as to avoid embarrassment or the disclosure of confidential health care information. You may be required to provide additional disclosure if an interested party objects to the claim.

**3. Last Four Digits of Any Number by Which Creditor Identifies Debtor:**
State only the last four digits of the debtor's account or other number used by the creditor to identify the debtor.

**3a. Debtor May Have Scheduled Account As:**
Report a change in the creditor's name, a transferred claim, or any other information that clarifies a difference between this proof of claim and the claim as scheduled by the debtor.

**3b. Uniform Claim Identifier:**
If you use a uniform claim identifier, you may report it here. A uniform claim identifier is an optional 24-character identifier that certain large creditors use to facilitate electronic payment in chapter 13 cases.

**4. Secured Claim:**
Check whether the claim is fully or partially secured. Skip this section if the claim is entirely unsecured. (See Definitions.) If the claim is secured, check the box for the nature and value of property that secures the claim, attach copies of lien documentation, and state, as of the date of the bankruptcy filing, the annual interest rate (and whether it is fixed or variable), and the amount past due on the claim.

**5. Amount of Claim Entitled to Priority Under 11 U.S.C. §507(a).**
If any portion of the claim falls into any category shown, check the appropriate box(es) and state the amount entitled to priority. (See Definitions.) A claim may be partly priority and partly non-priority. For example, in some of the categories, the law limits the amount entitled to priority.

**6. Credits:**
An authorized signature on this proof of claim serves as an acknowledgment that when calculating the amount of the claim, the creditor gave the debtor credit for any payments received toward the debt.

**7. Documents:**
Attach redacted copies of any documents that show the debt exists and a lien secures the debt. You must also attach copies of documents that evidence perfection of any security interest. You may also attach a summary in addition to the documents themselves. FRBP 3001(c) and (d). If the claim is based on delivering health care goods or services, limit disclosing confidential health care information. Do not send original documents, as attachments may be destroyed after scanning.

**8. Date and Signature:**
The individual completing this proof of claim must sign and date it. FRBP 9011. If the claim is filed electronically, FRBP 5005(a)(2) authorizes courts to establish local rules specifying what constitutes a signature. If you sign this form, you declare under penalty of perjury that the information provided is true and correct to the best of your knowledge, information, and reasonable belief. Your signature is also a certification that the claim meets the requirements of FRBP 9011(b). Whether the claim is filed electronically or in person, if your name is on the signature line, you are responsible for the declaration. Print the name and title, if any, of the creditor or other person authorized to file this claim. State the filer's address and telephone number if it differs from the address given on the top of the form for purposes of receiving notices. If the claim is filed by an authorized agent, attach a complete copy of any power of attorney, and provide both the name of the individual filing the claim and the name of the agent. If the authorized agent is a servicer, identify the corporate servicer as the company. Criminal penalties apply for making a false statement on a proof of claim.

## DEFINITIONS

**Debtor**
A debtor is the person, corporation, or other entity that has filed a bankruptcy case.

**Creditor**
A creditor is a person, corporation, or other entity to whom debtor owes a debt that was incurred before the date of the bankruptcy filing. See 11 U.S.C. §101 (10).

**Claim**
A claim is the creditor's right to receive payment for a debt owed by the debtor on the date of the bankruptcy filing. See 11 U.S.C. §101 (5). A claim may be secured or unsecured.

**Proof of Claim**
A proof of claim is a form used by the creditor to indicate the amount of the debt owed by the debtor on the date of the bankruptcy filing. The creditor must file the form with the clerk of the same bankruptcy court in which the bankruptcy case was filed.

**Secured Claim Under 11 U.S.C. §506(a)**
A secured claim is one backed by a lien on property of the debtor. The claim is secured so long as the creditor has the right to be paid from the property prior to other creditors. The amount of the secured claim cannot exceed the value of the property. Any amount owed to the creditor in excess of the value of the property is an unsecured claim. Examples of liens on property include a mortgage on real estate or a security interest in a car. A lien may be voluntarily granted by a debtor or may be obtained through a court proceeding. In some states, a court judgment is a lien.

A claim also may be secured if the creditor owes the debtor money (has a right to setoff).

**Unsecured Claim**
An unsecured claim is one that does not meet the requirements of a secured claim. A claim may be partly unsecured if the amount of the claim exceeds the value of the property on which the creditor has a lien.

**Claim Entitled to Priority Under 11 U.S.C. §507(a)**
Priority claims are certain categories of unsecured claims that are paid from the available money or property in a bankruptcy case before other unsecured claims.

**Redacted**
A document has been redacted when the person filing it has masked, edited out, or otherwise deleted, certain information. A creditor must show only the last four digits of any social-security, individual's tax-identification, or financial-account number, only the initials of a minor's name, and only the year of any person's date of birth. If the claim is based on the delivery of health care goods or services, limit the disclosure of the goods or services so as to avoid embarrassment or the disclosure of confidential health care information.

**Evidence of Perfection**
Evidence of perfection may include a mortgage, lien, certificate of title, financing statement, or other document showing that the lien has been filed or recorded.

## INFORMATION

**Acknowledgment of Filing of Claim**
To receive acknowledgment of your filing, you may either enclose a stamped self-addressed envelope and a copy of this proof of claim or you may access the court's PACER system (www.pacer.psc.uscourts.gov) for a small fee to view your filed proof of claim.

**Offers to Purchase a Claim**
Certain entities are in the business of purchasing claims for an amount less than the face value of the claims. One or more of these entities may contact the creditor and offer to purchase the claim. Some of the written communications from these entities may easily be confused with official court documentation or communications from the debtor. These entities do not represent the bankruptcy court or the debtor. The creditor has no obligation to sell its claim. However, if the creditor decides to sell its claim, any transfer of such claim is subject to FRBP 3001(e), any applicable provisions of the Bankruptcy Code (11 U.S.C. § 101 *et seq.*), and any applicable orders of the bankruptcy court.

# Exhibit F

SLS
Specialized Loan Servicing, LLC
8742 Lucent Blvd.
Highla... anch, CO 80129
1-800-315-4SLS (4757)

Equity Line Statement

| | |
|---|---|
| Statement Closing Date: | 12/25/11 |
| Account Number: | 1002339356 |
| **Payment Summary** | |
| **Payment Due Date:** | **01/15/12** |
| Current Receivable Due: | 959.67 |
| Escrow Payment: | 0.00 |
| Past Due Receivable: | 5,665.14 |
| Outstanding Late Charges/Fees: | 740.42 |
| Suspense Balance: | 0.00 |
| **Total Receivable Due:** | **7,365.23** |
| **Account Summary** | |
| Current Balance: | $147,126.61 |
| Fee/Advance Balance: | $428.00 |
| Deferred Principal Balance: | $0.00 |
| Deferred Interest Balance: | $4,658.90 |

+ 0358574 000004196 09SL04 0058507
WILLIAM MURRAY
3550 ALISOS ROAD
ARROYO GRANDE CA 93420-6149

Property Address:
3550 ALISOS ROAD
ARROYO GRANDE CA 93420

## IMPORTANT NOTES

For questions regarding this statement, to make a payment or for general account information, you may call our customer care center. You may also sign up for our free and easy Automated Payment Drafting. Call 1-800-315-4SLS (4757), Monday through Friday, 6:00 am to 6:00 pm MST. Our TDD number is 1-800-268-9419, and is available Monday through Friday, 8:00 am to 5:00 pm MST. We are pleased to announce that you may now access your account information on line at www.sls.net 24 hours a day regardless of account status!

**Thank you for your business!**

### Activity Since Your Last Statement

| Trans Date | Description | Check Number | Total | Principal | Finance Charges | Late Charge/ Other |
|---|---|---|---|---|---|---|
| 12/13/11 | PROP INSPECTION FEE | | 11.35 | 0.00 | 0.00 | 0.00 |

----------Finance Charges---------

| Days | Annual Percentage | Per Diem | Principal | Finance Charges* |
|---|---|---|---|---|
| 31 | 7.680 | 30.95705 | $147,126.61 | $959.67 |

SC0192-000

**MONTHLY PAYMENT NOTICE**

LOAN NUMBER:100233935
DATE:12/26/11

SPECIALIZED LOAN SERVICING LLC

Make Checks Payable To: Specialized Loan Servicing, LLC.

Check if your address has changed and fill out form

Property Address:

## IMPORTANT INFORMATION

If you believe your bill is incorrect, or if you require additional information regarding your bill, please write to us as the address shown below "General Inquiries." Please note there is no free ride period when Finance Charges do not accrue. Payments made on your HELOC loan in the amount of $1,000.00 or greater will be held for 14 business days.

## CONTACT INFORMATION

| General Inquiries & Payoffs | All Loan Payments | Overnight Payment/Mail | MoneyGram Payments | Western Union Payments | Insurance | Tax |
|---|---|---|---|---|---|---|
| Specialized Loan Servicing, LLC<br>P.O. Box 636005<br>Littleton, CO 80163-6005<br>Gen. Fax: 720-241-7218<br>Payoff Fax: 720-241-7537 | Specialized Loan Servicing, LLC<br>P.O. Box 105219<br>Atlanta, GA 30348-5219 | Specialized Loan Servicing, LLC<br>8742 Lucent Blvd. Suite 300<br>Highlands Ranch, CO 80129-2386 | Specialized Loan Servicing<br>Receive Code: 6114 | Specialized Loan Servicing, LLC<br>Code City: PAYSLS<br>State: CO | Specialized Loan Servicing, LLC<br>P.O. Box 620188<br>Doraville, GA 30362<br>Gen Ins: 1-800-441-4145<br>Fax: 678-475-8763 | Specialized Loan Servicing, LLC<br>P.O. Box 961059<br>FT Worth, TX 76161-0059<br>Gen Tax: 1-866-801-1373<br>Fax: 817-826-0460 |

## PAYMENT OPTIONS

**Regular Payment Instructions:**

- For payments made by regular mail, and in proper form, please allow 10 days for processing.
- Payments received on a business day prior to 9:00 a.m. EST and in proper form will be effective dated and processed as of the date of receipt.

**Avoid Delays in Payment Processing:**

- Always mail the payment in proper form, which is with coupon, in window envelope provided, writing your account number on the check. Failure to do any of these steps may result in a delay in posting.
- DO NOT SEND CASH.
- Do not send correspondence with your payment. Send all correspondence to the address listed on this statement.
- In the event that you do not receive your monthly billing statement, DO NOT DELAY PAYMENT. Write your account number on the check and mail it to the payment address provided on this statement. Payments must be sent in proper form to avoid a delay in processing.

**Payment Options:**

- Monthly automatic draft - it's free and easy, just call our Customer Care Center today and sign up.
- Visit our web site and pay on line. There is a fee for this service. Payment received prior to 6:00 p.m. MST will be effective dated the same day.
- Pay by phone. You may use our automated service by calling the Customer Care Center or speak with a Customer Care associate. There is a fee for this service. Payments received by 6:00 p.m. MST will be effective dated the same day.
- Payments sent via certified mail or overnight must be sent to the address on this statement. Failure to do so may result in a delay of posting.

## IMPORTANT MESSAGES

*MA CUSTOMERS ONLY: NOTICE OF IMPORTANT RIGHTS You have the right to make a written or oral request that telephone calls regarding your debt not be made to you at your place of employment. Any such oral request will be valid for only ten days unless you provide written confirmation of the request postmarked or delivered wi[illegible] seven days of such request. You may terminate this request by writing to the debt collector.

L[illegible] PAYOFFS - All requests for payoff information may be requested by calling our Customer Care Center at 1-800-315-4SLS, by faxing your request to 72[illegible]-41-7537 or by mailing your request to the Customer Care Center listed above in the correspondence section of this statement. Please be advised that there is a fee for preparation and delivery of a payoff statement, which may vary per state law. All requests must accompany the customer's authorization. Please allow 5 business days for processing, unless otherwise indicated by state law.

**MIRANDA DISCLOSURE** - For your protection, please be advised that we are attempting to collect a debt and any information obtained will be used for that purpose. Calls will be monitored and recorded for quality assurance purposes. If you do not wish for your call to be recorded please notify the customer service associate when calling.

**BANKRUPTCY NOTICE** - If you are a customer in bankruptcy or a customer who has received a bankruptcy discharge of this debt: Please be advised that this notice is to advise you of the status of your mortgage loan. This notice constitutes neither a demand for payment nor a notice of personal liability to any recipient hereof, who might have received a discharge of such debt in accordance with applicable bankruptcy laws or who might be subject to the automatic stay of Section 362 of the United States Bankruptcy Code. However, it may be a notice of possible enforcement of the lien against the collateral property, which has not been discharged in your bankruptcy. If you would like to discontinue these statements please contact the toll free number listed above.

**REVERSAL INFORMATION** - The information on this Statement is subject to reversal of previous payments made that may not be honored by your bank.

**CREDIT REPORTING** - As required by law, we may provide information to credit bureaus about an insolvency, delinquency, late payment or default on your account and this may be included on your credit report.

**FINANCE CHARGES** - We calculate the finance charge on your Account by applying a daily periodic rate to the "daily balance" of your Account (including current transactions). To calculate the "daily balance" for each day of the Billing Cycle we take the beginning principal balance of your Account each day, add any new Advances and subtract any payments or credits applied to this balance.

**IN CASE OF ERRORS OR QUESTIONS ABOUT YOUR BILL** -If you think your bill is wrong, or if you need more information about a transaction on your bill, write us (on a separate sheet) at the address shown on your bill as soon as possible. We must hear from you no later than 60 days after we sent you the first bill on which the error or problem appeared. You can telephone us, but doing so will not preserve your rights.
In your letter, give us the following information:

Your name and account number.
The dollar amount of the suspected error.
Describe the error and explain, if you can, why you believe there is an error. If you need more information, describe the item you are unsure about.

You do not have to pay any amount in question while we are investigating, but you are still obligated to pay the parts of you bill that are not in question. While we investigate your question, we cannot report you as delinquent or take any action to collect the amount in question.

**IMPORTANT INFORMATION FOR CUSTOMERS PAYING BY CHECK** -"When you pay your bill by check, you authorize us to electronically process your payment. If your check is processed electronically, your checking account may be debited on the same day we receive the check and it will not be returned with your checking account statement. This authorization applies to all checks received during the billing cycle even if sent by someone else. If we cannot process the transfer, you authorize us to make a charge against your bank account using the check, a paper draft or other item."

**E[illegible]OW INFORMATION** -Your monthly loan payment may include an amount to be deposited into an escrow account from which we pay the insurance and/or taxes. W[illegible] may review this account during the first 12 months to ensure that our monthly payment is appropriate. For escrow questions, please call our Customer Care Center 800-315-4SLS(4757) between the hours of 6:00 am to 6:00 pm MST, Monday-Friday.

***IMPORTANT INFORMATION ABOUT CHANGING YOUR MAILING ADDRESS***

Attorney or Party Name, Address, Telephone & FAX Numbers, and California State Bar Number
William L. Redell SBN 182557
MICHAEL B. CLAYTON & ASSOCIATES
400 E. Orange Street
Santa Maria, CA 93454
Tel (805) 928-5353
Fax (805) 928-5221
bankruptcy2@wedefend.net - E-Mail

*Attorney for Plaintiff* William R. Murray and Jerrie R. Murray

FOR COURT USE ONLY

**UNITED STATES BANKRUPTCY COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

In re: William R. Murray and Jerrie R. Murray

Debtor.

CHAPTER 13

CASE NUMBER 9:12-bk-10671-RR

ADVERSARY NUMBER

William R. Murray and Jerrie R. Murray

Plaintiff(s),

vs.

Specialized Loan Servicing, LLC

Defendant(s).

*(The Boxes and Blank Lines below are for the Court's Use Only) (Do Not Fill Them In)*

## SUMMONS AND NOTICE OF STATUS CONFERENCE

TO THE DEFENDANT: A Complaint has been filed by the Plaintiff against you. If you wish to defend yourself, you must file with the Court a written pleading, in duplicate, in response to the Complaint. You must also send a copy of your written response to the party shown in the upper left-hand corner of this page. Unless you have filed in duplicate and served a responsive pleading by ______________________, the Court may enter a judgment by default against you for the relief demanded in the Complaint.

A Status Conference on the proceeding commenced by the Complaint has been set for:

| **Hearing Date:** | **Time:** | **Courtroom:** | **Floor:** |
|---|---|---|---|

☐ **255 East Temple Street, Los Angeles**
☐ **411 West Fourth Street, Santa Ana**
☐ **21041 Burbank Boulevard, Woodland Hills**
☒ **1415 State Street, Santa Barbara**
☐ **3420 Twelfth Street, Riverside**

PLEASE TAKE NOTICE that if the trial of the proceeding is anticipated to take less than two (2) hours, the parties may stipulate to conduct the trial of the case on the date specified, instead of holding a Status Conference. Such a stipulation must be lodged with the Court at least two (2) Court days before the date set forth above and is subject to Court approval. The Court may continue the trial to another date if necessary to accommodate the anticipated length of the trial.

Date of Issuance: ______________________

**KATHLEEN J. CAMPBELL**
**Clerk of Court**

By: ______________________
*Deputy Clerk*

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*February 2010* (COA-SA) **F 7004-1**

Summons and Notice of Status Conference - *Page 2* **F 7004-1**

| In re (SHORT TITLE) William R. Murray and Jerrie R. Murray Debtor(s). | CASE NO.: 9:12-bk-10671-RR |
|---|---|

**NOTE**: When using this form to indicate service of a proposed order, **DO NOT** list any person or entity in Category I. Proposed orders do not generate an NEF because only orders that have been entered are placed on a CM/ECF docket.

## PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is:

A true and correct copy of the foregoing document described as ______________________________ ______________________________ will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d), and **(b)** in the manner indicated below:

I. TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING ("NEF") - Pursuant to controlling General Order(s) and Local Bankruptcy Rule(s) ("LBR"), the foregoing document will be served by the court via NEF and hyperlink to the document. On ____________________ I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following person(s) are on the Electronic Mail Notice List to receive NEF transmission at the email addressed indicated below:

☐ Service information continued on attached page

II. SERVED BY U.S. MAIL OR OVERNIGHT MAIL (indicate method for each person or entity served):
On ____________________ I served the following person(s) and/or entity(ies) at the last known address(es) in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States Mail, first class, postage prepaid, and/or with an overnight mail service addressed as follow. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

☐ Service information continued on attached page

III. SERVED BY PERSONAL DELIVERY, FACSIMILE TRANSMISSION OR EMAIL (indicate method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on ____________________ I served the following person(s) and/or entity(ies) by personal delivery, or (for those who consented in writing to such service method) by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

| *Date* | *Type Name* | *Signature* |
|---|---|---|

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*February 2010* (COA-SA) **F 7004-1**

FORM B104 (08/07) 2007 USBC, Central District of California

## ADVERSARY PROCEEDING COVER SHEET
(Instructions on Page 2)

**ADVERSARY PROCEEDING NUMBER** (Court Use Only)

| PLAINTIFFS | DEFENDANTS |
|---|---|
| William R. Murray and Jerrie R. Murray | Specialized Loan Servicing, LLC |
| **ATTORNEYS** (Firm Name, Address, and Telephone No.) William L. Redell, MICHAEL B. CLAYTON AND ASSOCIATES 400 E. Orange Street Santa Maria, CA 93454 | **ATTORNEYS** (If Known) UNKNOWN |
| **PARTY** (Check One Box Only) ☑ Debtor ☐ U.S. Trustee/Bankruptcy Admin ☐ Creditor ☐ Other ☐ Trustee | **PARTY** (Check One Box Only) ☐ Debtor ☐ U.S. Trustee/Bankruptcy Admin ☑ Creditor ☐ Other ☐ Trustee |

**CAUSE OF ACTION** (WRITE A BRIEF STATEMENT OF CAUSE OF ACTION, INCLUDING ALL U.S. STATUTES INVOLVED)
1) ESTABLISH THE VALUE OF THE DEBTOR'S RESIDENCE;
2) DETERMINE THE AMOUNT AND EXTENT OF THE SECOND DEED OF TRUST; AND
3) AVOID AND REMOVE THELIEN OF THE SECOND DEED OF TRUST

### NATURE OF SUIT
(Number up to five (5) boxes starting with lead cause of action as 1, first alternative cause as 2, second alternative cause as 3, etc.)

**FRBP 7001(1) – Recovery of Money/Property**
☐ 11-Recovery of money/property - §542 turnover of property
☐ 12-Recovery of money/property - §547 preference
☐ 13-Recovery of money/property - §548 fraudulent transfer
☐ 14-Recovery of money/property - other

**FRBP 7001(2) – Validity, Priority or Extent of Lien**
☒ 21-Validity, priority or extent of lien or other interest in property

**FRBP 7001(3) – Approval of Sale of Property**
☐ 31-Approval of sale of property of estate and of a co-owner - §363(h)

**FRBP 7001(4) – Objection/Revocation of Discharge**
☐ 41-Objection / revocation of discharge - §727(c),(d),(e)

**FRBP 7001(5) – Revocation of Confirmation**
☐ 51-Revocation of confirmation

**FRBP 7001(6) – Dischargeability**
☐ 66-Dischargeability - §523(a)(1),(14),(14A) priority tax claims
☐ 62-Dischargeability - §523(a)(2), false pretenses, false representation, actual fraud
☐ 67-Dischargeability - §523(a)(4), fraud as fiduciary, embezzlement, larceny

(continued next column)

**FRBP 7001(6) – Dischargeability (continued)**
☐ 61-Dischargeability - §523(a)(5), domestic support
☐ 68-Dischargeability - §523(a)(6), willful and malicious injury
☐ 63-Dischargeability - §523(a)(8), student loan
☐ 64-Dischargeability - §523(a)(15), divorce or separation obligation (other than domestic support)
☐ 65-Dischargeability - other

**FRBP 7001(7) – Injunctive Relief**
☐ 71-Injunctive relief – imposition of stay
☐ 72-Injunctive relief – other

**FRBP 7001(8) Subordination of Claim or Interest**
☐ 81-Subordination of claim or interest

**FRBP 7001(9) Declaratory Judgment**
☐ 91-Declaratory judgment

**FRBP 7001(10) Determination of Removed Action**
☐ 01-Determination of removed claim or cause

**Other**
☐ SS-SIPA Case – 15 U.S.C. §§78aaa *et.seq.*
☐ 02-Other (e.g. other actions that would have been brought in state court if unrelated to bankruptcy case)

| | |
|---|---|
| ☐ Check if this case involves a substantive issue of state law | ☐ Check if this is asserted to be a class action under FRCP 23 |
| ☐ Check if a jury trial is demanded in complaint | Demand $ |

Other Relief Sought
STRIP LIEN

FORM B104 (08/07), page 2 | 2007 USBC, Central District of California

**BANKRUPTCY CASE IN WHICH THIS ADVERSARY PROCEEDING ARISES**

| NAME OF DEBTOR | | BANKRUPTCY CASE NO. |
|---|---|---|
| William R. Murray and Jerrie L. Murray | | 9:12-bk-10671RR |
| **DISTRICT IN WHICH CASE IS PENDING** | **DIVISIONAL OFFICE** | **NAME OF JUDGE** |
| CENTRAL DISTRICT | NORTHERN DIVISION | ROBIN RIBLET |

**RELATED ADVERSARY PROCEEDING (IF ANY)**

| PLAINTIFF | DEFENDANT | ADVERSARY PROCEEDING NO. |
|---|---|---|
| | | |
| **DISTRICT IN WHICH ADVERSARY IS PENDING** | **DIVISIONAL OFFICE** | **NAME OF JUDGE** |
| | | |

SIGNATURE OF ATTORNEY (OR PLAINTIFF)

| DATE | PRINT NAME OF ATTORNEY (OR PLAINTIFF) |
|---|---|
| 5/1/12 | William L. Redell |

## INSTRUCTIONS

The filing of a bankruptcy case creates an "estate" under the jurisdiction of the bankruptcy court which consists of all of the property of the debtor, wherever that property is located. Because the bankruptcy estate is so extensive and the jurisdiction of the court so broad, there may be lawsuits over the property or property rights of the estate. There also may be lawsuits concerning the debtor's discharge. If such a lawsuit is filed in a bankruptcy court, it is called an adversary proceeding.

A party filing an adversary proceeding must also must complete and file Form 104, the Adversary Proceeding Cover Sheet, unless the party files the adversary proceeding electronically through the court's Case Management/Electronic Case Filing system (CM/ECF). (CM/ECF captures the information on Form 104 as part of the filing process.) When completed, the cover sheet summarizes basic information on the adversary proceeding. The clerk of court needs the information to process the adversary proceeding and prepare required statistical reports on court activity.

The cover sheet and the information contained on it do not replace or supplement the filing and service of pleadings or other papers as required by law, the Bankruptcy Rules, or the local rules of court. The cover sheet, which is largely self-explanatory, must be completed by the plaintiff's attorney (or by the plaintiff if the plaintiff is not represented by an attorney). A separate cover sheet must be submitted to the clerk for each complaint filed.

**Plaintiffs** and **Defendents.** Give the names of the plaintiffs and defendants exactly as they appear on the complaint.

**Attorneys.** Give the names and addresses of the attorneys, if known.

**Party.** Check the most appropriate box in the first column for the plaintiffs and the second column for the defendants.

**Demand.** Enter the dollar amount being demanded in the complaint.

**Signature.** This cover sheet must be signed by the attorney of record in the box on the second page of the form. If the plaintiff is represented by a law firm, a member of the firm must sign. If the plaintiff is pro se, that is, not presented by an attorney, the plaintiff must sign.